### 42584. VOYLES v. THE STATE.

PANNELL, Judge. The defendant, on July 20, 1966, was tried and convicted of the offense of automobile larceny. His appeal to this court is based upon the general grounds and alleged error in two charges of the court. *Held:*

1. The evidence was sufficient to authorize the conviction.

2. The defendant's admission that he had possession of the stolen property at a time about one and one-half months after it was stolen, coupled with an admission that he applied for a registration tag four days after it was stolen which application stated that he "purchased" the automobile on the same day it was stolen, was sufficient to authorize a charge on admissions.

3. After receiving the charge of the court, to which no exceptions are taken except as shown in Division 2, and after some deliberation, the court was informed by the foreman of the jury that "we are not clear as to whether or not in your charge you stated to us that if a person is in possession of stolen goods and he is not able to clearly identify where they came from that he is actually therefore presumed by law to be guilty of having stolen the goods." The court did not give a direct reply to the statement but informed the jury that he would repeat the instruction and stated to them: "Instructions as to recent possession is closely related to the instruction as to circumstantial evidence, so I will give both of those again to you" and "please keep the instructions concerning circumstantial evidence in mind in con-

nection with recent possession because recent possession is circumstantial evidence." The court then repeated its charge on direct and circumstantial evidence, part of which contained this statement: "The comparative weight of circumstantial and direct evidence on any given issue in this case is a question of fact for the determination of the jury." He then gave a complete charge on recent possession of stolen goods stating the circumstances under which recent possession would "raise an inference of guilt" concluding with these words: "under these rules, whether there was recent possession of stolen goods, *and whether there should be drawn an inference of guilt therefrom,* or whether the defendant reasonably and satisfactorily accounts for said possession of such goods which is a car in this case, *are matters entirely for you, the jury, to determine."* The jury did not ask or seek any further instruction. In our opinion, the repeated charge together with the remarks of the trial judge prefacing the same, amply answered the questions in the jurors' minds as stated by their foreman, and there were no errors in the charge as given or as repeated and the trial judge clearly instructed the jury that the inference arising from the recent possession of the stolen property was one of fact for them to decide and consider rather than an absolute presumption of law. The judgment is therefore affirmed.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*

ARGUED FEBRUARY 7, 1967—DECIDED APRIL 17, 1967—REHEARING DENIED MAY 5, 1967—

*Robert E. Andrews,* for appellant.

*Jeff C. Wayne, Solicitor General, Frank Strickland, Jr.,* for appellee.