WIDNER *v.* THE STATE.

No. 14824. MAY 2, 1944.

*Howard, Camp & Tiller,* for plaintiff in error.

*T. Grady Head, attorney-general, Roy Leathers, solicitor-general,* and *Victor Davidson, assistant attorney-general,* contra.

BELL, Chief Justice. Eual Widner and Rudolph Patterson, indicted separately but tried together, were each convicted of the offense of rape and sentenced to one year in the penitentiary. Widner's motion for new trial, based on the general grounds and two special grounds added by amendment, was overruled and he excepted.

The prosecutrix, a girl fourteen years of age, testified that the defendants, with whom she was previously acquainted, took her in an automobile from Grant's Park to a spot in DeKalb County, stripped off her clothes, and assaulted her several times each, one of the defendants holding her while the other perpetrated the act. She testified that she was assaulted forcibly and against her will, that she struggled and cried out, and that while en route to the place of the assault, she had entreated the defendants to take her home; that they took her home after the alleged assault, and as she got out of the automobile she told them she was going to tell her mother. The girl's mother testified that the girl did tell her at once of the occurrence, crying and in a state of excitement; that her clothes were disheveled, and dirty; that there was blood on her underclothing; and that she, the mother, called the police, and the girl was taken to a hospital, where an examination was made by an interne. The interne testified that the girl's clothing was dirty and disheveled, and that there was a laceration in her private parts, evidencing recent sexual intercourse. The evidence showed that the defendants were about sixteen years of age. They did not deny the intercourse, but stated that the girl went willingly with them, drank beer with them, and consented to the intercourse. The defendants introduced witnesses who testified to their good character, and to the bad character of the prosecutrix. The State introduced witnesses who testified to the bad character of the defendants, and to the good character of the girl.

■ The two special grounds of the motion for new trial made substantially the same complaint, namely, that the court refused to give a requested charge, as follows: "Evidence has been introduced

on behalf of the defendants seeking to show that they were persons of good character. In this connection I charge you that if the proof of guilt is plain and convincing, and is sufficient to satisfy your minds beyond a reasonable doubt of the guilt of the defendants, you would be authorized to convict, even though there may be proof of good character. I charge you further, however, that proof of good character may alone and of itself, and without regard to other evidence in the case, generate in the minds of the jury a reasonable doubt of guilt which would authorize an acquittal." The court charged the jury: "Now, gentlemen, upon the trial of the case, the defendant has introduced some evidence as to good character of the defendant. That is a matter that you can consider along with the other evidence in the case and the statement of the defendant in determining whether the defendant be guilty or not guilty."

In special ground 1, it was stated that "during the trial of said case, and before the court had charged the jury and before the jury had retired to consider the case, counsel for the defendant requested the court to charge the jury as follows," quoting the charge as requested. Ground 2, after quoting the charge as given, stated that said instruction was incomplete for the reason that, before the jury had retired to consider the case, the defendant requested the court to give a fuller charge on the effect of the testimony as to the good character of the defendant, the language of the request being again quoted.

The Code, § 81-1101, provides in part that: "In the trial of causes in any of the courts of this State, either party or his counsel may make a written request to the court to charge the jury, at any time before the jury retires to consider their verdict, and without submitting the same to counsel of the opposite party." It does not appear from either ground of the motion for new trial that the request was in writing. The brief of the plaintiff in error states that the request to charge *was* in writing, but the ground of the motion does not itself verify this statement. In *Wells* v. *Blitch,* 184 *Ga.* 616 (8) (192 S. E. 209), this court held: "The ground of the motion for a new trial complaining of the court's refusal to give a requested charge does not state that the request was in writing, and thus presents no question of error for determination by this court." To the same effect see *Little* v. *West,* 145 *Ga.* 563

(2) (89 S. E. 682); *Nevil* v. *Trapnell-Mikell Co.,* 31 *Ga. App.* 207 (3) (120 S. E. 430).

■ In the absence of a proper written request to charge on the character of the accused, it is generally not cause for a new trial that no such charge was given. *Ellison* v. *State,* 137 *Ga.* 193 (7) (73 S. E. 255); *Scott* v. *State,* 137 *Ga.* 337 (3) (73 S. E. 575). However, as we have seen, the judge in this case did charge upon the subject, and in language which has just been quoted. The charge as thus given was substantially the same as the one considered in *Keys* v. *State,* 112 *Ga.* 392 (5) (37 S. E. 762, 81 Am. St. R. 63), to wit: "The defendant has introduced some evidence as to his good character. That is a matter that you can consider, along with the other evidence in the case, in determining whether or not the defendant be guilty, or not guilty;" and as to which it was said: "A charge in these words . . was not erroneous, either because of the use of the word 'some' or because the court did not more particularly instruct the jury with reference to the law of good character." In *Scott* v. *State,* supra, this court held: "A proper instruction should be given in every case where the accused puts his character in issue; but in the absence of a timely request, an omission to give a specific charge on the subject will not require a new trial. It is only in exceptional cases where the court fails to charge relatively to the good character of the accused that a new trial should be granted. *Seymour* v. *State,* 102 *Ga.* 803 (30 S. E. 263). This case falls within the general rule, and not within the exception." The same observation may be made here.

■ The evidence was sufficient to support the verdict. *Byrd* v. *State,* 187 *Ga.* 328 (200 S. E. 671); *Merritt* v. *State,* 190 *Ga.* 81 (8 S. E. 2d, 386). The judge did not err in refusing to grant a new trial. *Judgment affirmed. All the Justices concur.*