## 22011. FERGUSON v. THE STATE.

ARGUED APRIL 8, 1963—DECIDED MAY 9, 1963—
REHEARING DENIED MAY 29, 1963.

*A. Hugh Leatherwood, Sr.*, for plaintiff in error.
*Dan Winn, Solicitor General, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General*, contra.

MOBLEY, Justice. 1. The general grounds are without merit.

This court has twice held that substantially this same evidence amply supported the verdict. We so hold again.

2. There is no merit in defendant's complaint that the participation, over defendant's objection, of Eugene Brown, County Attorney of Douglas County, Georgia, and Robert Noland, City Attorney of Douglasville, Georgia, in the prosecution of the case by the solicitor general denied him due process of law, his right to a fair and impartial trial, and his right to equal protection of the law in violation of Art. I, Sec. I, Pars. II, III, and IV of the Constitution of Georgia (*Code Ann.* §§ 2-102, 2-103, 2-104) and amendments V, VI, and XIV to the United States Constitution (*Code* §§ 1-805, 1-806, 1-815).

It is well settled that the solicitor general may have counsel to assist him. See *Vernon v. State,* 146 Ga. 709 (1) (92 SE 76); *Jackson v. State,* 156 Ga. 842, 844 (7) (120 SE 535); *Hannah v. State,* 212 Ga. 313, 314 (2) (92 SE2d 89). The trial court in overruling this ground pointed out that only two attorneys participated in the prosecution, Dan Winn, the solicitor general, and Robert J. Noland, attorney; that the regular assistant solicitor general, J. T. Perren, did not participate in the case at all; that it was not shown that any of the jurors knew that Brown was the county attorney or that Noland was the city attorney and no mention was made of these facts during the trial; and that he found "as a matter of fact that there was no undue influence on the jury under the circumstances." There is no showing whatever that the defendant was deprived of any of his constitutional rights by reason of the fact that the solicitor general was assisted in the prosecution by two lawyers, one of whom was County Attorney of Douglas County and the other City Attorney of Douglasville.

3. In special ground 2 of the motion for new trial the defendant complains of the refusal of the court to grant his motion for mistrial.

The record discloses that after the defendant was arraigned and entered his plea of not guilty, and while the jury was being selected, the solicitor general propounded a question to a prospective juror, to which the defendant objected and moved for a mistrial on the ground that the question asked the juror was

improper, prejudicial, and harmful to the defendant. The question asked was: "If you should find the accused guilty, the law would allow you to recommend mercy or not recommend mercy. Without trying to pin you down, I will tell you that you don't have to have a reason, nor do you have to give a reason, if you decide to recommend mercy you do not have to answer to the court or anyone, you can make it absolutely without any reason at all. However, do you agree with me that you should have some reason, based upon the evidence in this trial, before you would feel like recommending mercy?"

The time for making a motion for mistrial is not ripe until the case has begun, and the trial does not begin until the jury has been impaneled and sworn. The defendant has been put in jeopardy when, in a court of competent jurisdiction, and upon a sufficient indictment, he has been arraigned, has pleaded, and the jury has been impaneled and sworn. *Barbour v. State,* 66 Ga. App. 498, 500 (18 SE2d 40). See also *Peavey v. State,* 153 Ga. 119 (1) (111 SE 420); *Newsom v. State,* 2 Ga. 60; *Reynolds v. State,* 3 Ga. 53 (2); *Nolan v. State,* 55 Ga. 521 (1) (21 AR 281); *Doyal v. State,* 70 Ga. 134 (3); *Franklin v. State,* 85 Ga. 570 (11 SE 876). A motion for a postponement of the case until new jurors who had not heard the question asked were selected would have been the proper motion here. *Perdue v. State,* 135 Ga. 277 (1), 281 (69 SE 184). Since the motion for mistrial was made before the jury was impaneled and sworn, the trial court did not err in overruling it.

Furthermore, while the question was improper, there is no showing that any juror selected to try the case was asked the question or heard it asked of other jurors. The record shows that a number of jurors called were asked the question before the defendant made any objection, and that after the court denied the motion for mistrial there was no further objection to the asking of the question. In these circumstances the denial of the motion for mistrial was not error. The trial court properly overruled special ground 2 of the motion for new trial.

4. "Exceptions to conclusions and rulings by the trial judge upon preliminary and collateral issues, such as a challenge to

the array of trial jurors, can not properly be made grounds of a motion for new trial, but should be directly excepted to in the bill of exceptions. . . This was not done in the present case. *Herndon v. State,* 178 Ga. 832 (174 S.E. 597); *Hargroves v. State,* 179 Ga. 722 (177 S.E. 561); *Benford v. State,* 18 Ga. App. 14 (88 S.E. 747)." *Mattox v. State,* 181 Ga. 361 (1) (182 SE 11).

Accordingly, the third special ground, which averred that the court erred in overruling defendant's challenge to the array of trial jurors, raises no issue for the consideration of this court.

5. In special ground 4 it is contended that the court erred in admitting over the objection of defendant's counsel a wallet and its contents and a pistol identified as belonging to the deceased, which items were obtained by a search of defendant's room in a rooming house without a search warrant and while defendant was in custody. The record discloses that defendant freely and voluntarily agreed for the officers to search his room. This question was adjudicated against defendant's contention by this court upon the previous appearance of this case in *Ferguson v. State,* 218 Ga. 173, 179 (8) (126 SE2d 798). The ground is without merit.

6. In special ground 5 defendant complains that one of the jurors who served on the jury, J. J. Schell, was prejudiced and biased against the defendant, which was unknown to defendant and his counsel until it was too late to object to him as a juror, and that the presence of the prejudiced and biased juror on the jury deprived him of his right to a fair and impartial trial as guaranteed to him by the State and Federal Constitutions, to wit: Art. I, Sec. I, Pars. II, III, and IV of the Constitution of Georgia (*Code Ann.* §§ 2-102, 2-103, 2-104) and amendments V, VI, and XIV to the United States Constitution (*Code* §§ 1-805, 1-806, 1-815). The matter was brought to the attention of the court by defendant's counsel after the jury had begun its deliberations. The court, with the solicitor general and defendant's counsel present, immediately heard from Henslee, the party alleged to have said that the juror had made a statement showing his prejudice and bias. The defendant did not make a motion for mistrial and invoked no ruling from the court.

In support of the ground for new trial, defendant submitted an affidavit from his counsel relating how the information about the juror came to his attention, and offered the record of what transpired on the hearing by the court from Henslee, who confirmed defendant's assertion that J. J. Schell, after he had qualified as a juror, but before being selected on the jury, said that he was going to give the defendant everything he could, which Henslee took to mean the electric chair. An affidavit from C. L. Dunaway, one of the jurors, was offered in which he stated that after the second vote was taken, when he was the only juror voting for acquittal, J. J. Schell, with two other jurors, heaped abuse upon him and that Schell accused him of being planted on the jury to try to free the defendant.

The State made a counter showing by submitting affidavits from J. J. Schell and the other two jurors who were accused along with Schell of heaping abuse on the juror Dunaway. Schell denied that he made any statement whatever to Henslee or to any other person about the case and asserted that he did not have or express any feeling or the slightest prejudice against the defendant. The other two jurors denied emphatically that they or Schell or anyone heaped abuse upon Dunaway, or accused him of being planted on the jury, and denied that any undue pressure was put upon Dunaway.

The court upon consideration of this evidence on the hearing of the motion for new trial made this finding: "As to ground 5, the court finds as a matter of fact, that J. J. Schell, Sr., was not prejudiced and biased against the defendant as he answered the voir dire questions and also very extensive questions from the State and counsel for defendant concerning his qualifications and based on the personal observation of the juror and his affidavit, the court finds as a matter [of] fact, that he was not prejudiced or biased."

"When evidence is offered in support of a ground in a motion for new trial, and a counter showing is made by the State, which results in a conflict in the evidence, the trial judge must pass on such evidence, and his findings will not be controlled by this court unless it is made to appear that he has abused the discretion vested in him as the trior of the issue thus presented."

*Weatherby v. State*, 213 Ga. 188, 197 (97 SE2d 698). See also *Brown v. State*, 163 Ga. 684, 686 (6) (137 SE 31); *Tanner v. State*, 213 Ga. 820, 824 (8) (102 SE2d 176). As to ground 5, no abuse of discretion appears.

7. Special ground 6 was expressly abandoned by counsel for defendant in his brief.

*Judgment affirmed. All the Justices concur.*