### 25144. ESTES v. PERKINS, Warden.

Frankum, Justice. The appeal here is from the judgment and order of the Superior Court of Baldwin County in a habeas corpus proceeding in which the court refused to discharge the applicant and remanded her to the custody of the defendant warden. The appellant was convicted in Clayton County of the murder of her husband. She appealed to this court and her conviction was affirmed. See *Estes v. State,* 224 Ga. 687 (164 SE2d 108). The substance of the plaintiff's complaint is that she was denied the effective assistance of counsel in the preparation and trial of her case in that her attorneys failed to question each juror concerning whether or not he had ever been assaulted by another, whether or not any of them were acquainted with any of the State's witnesses, or whether they were related by blood or marriage to any of the State's witnesses; that without her permission and consent the jury was allowed to disperse for the night; that during a recess of the

trial one of the State's witnesses approached one of the jurors in the hall and made an improper comment concerning the trial to him; that during the deliberations of the jury one of the jurors "pulled up his shirt and displayed his chest and stated to the other jurors 'she is guilty as my wife shot me' "; that her lawyers were lax in failing to put certain witnesses on the stand to prove certain contentions of the petitioner with respect to an alleged confession, and to prove the good character of the defendant; that her attorneys failed to instruct petitioner as to what she should say in making her unsworn statement to the jury; that her attorneys were lax in failing to fully develop before the jury alleged grounds of bias on the part of the prosecuting attorney against her, which she claims would have entitled her to a mistrial had the facts been properly developed; that her attorneys were negligent in attempting to prove infidelity on the part of her deceased husband as a motive for the shooting which evidence resulted in their losing their right to the closing argument in her behalf; that her attorneys were negligent in adducing evidence that tended to show that the petitioner was some sort of drug addict, which evidence tended to place her character in issue and was highly prejudicial against her; that one of her attorneys in his argument to the jury made statements prejudicial to her defense; and, finally, that because of threats made against her and her attorneys by her father-in-law, petitioner's attorneys were intimidated and thereby prevented from adequately defending her.

1. While differing in specifics, the contentions of the appellant as made by her petition for habeas corpus, are, with the possible exception hereinafter treated, substantially like the contentions of the petitioner in the case of *Jones v. Balkcom,* 210 Ga. 262 (79 SE2d 1), and the ruling of this court in that case is controlling of the issues made by the petitioner here. An examination of the reporter's transcript of the trial wherein the petitioner was convicted shows that she was adequately and ably represented, and that the trial was not, as she now contends, a mockery of justice or a farce. While another lawyer or other lawyers, had they represented the petitioner upon her trial, might have conducted her defense in a different manner, and might have exercised different judgments with respect to the matters referred to in her petition, the fact that her attorneys chose to try the petitioner's case in the

270

manner in which it was tried and made certain decisions as to the conduct of her defense with which she and her presently employed attorneys now disagree, does not require a finding that their representation of the petitioner was so inadequate as to amount to a denial to her of the effective assistance of counsel.

2. The contention with respect to the improper communication by a witness for the State to a juror trying the case presents a matter of somewhat more gravity than the other contentions of the appellant and is a matter possibly not within the rule enunciated in the *Jones* case. However, counsel for the appellant, in their brief and argument before this court, have made no reference to any place in the record or the transcript showing as a fact that such an occurrence took place. Appellant's brief does contain one reference to page 8 of the record as bearing on this question. Page 8 of the *record* contains nothing at all bearing on this question. However, page 8 of the *transcript* does set forth a portion of the testimony of the appellant herself wherein she testified on direct examination that she had no knowledge during the course of the trial of such occurrence. The brief of counsel for the appellant contains no other reference to any place in the record or the transcript showing any matter relative to this question, and under these circumstances there has been no compliance with the requirements of Rule 16 of the Rules of the Supreme Court (220 Ga. 909, 912), and this court will not undertake an unguided search of the more than 160 pages of the record and of the transcript in an attempt to ascertain whether or not any such misconduct in fact occurred. What was said in this connection in *Hicks v. Maple Valley Corp.*, 223 Ga. 577 (156 SE2d 904), and often reiterated before and since should be sufficient authority for what we now hold.

3. The order and judgment of the Judge of the Superior Court of Baldwin County refusing to discharge the petitioner and remanding her to the custody of the defendant warden sufficiently stated the facts upon which it was based, and it would serve no useful purpose to remand the case solely to require him to rewrite his judgment stating more fully the facts upon which he based it.

*Judgment affirmed. All the Justices concur.*

Submitted April 15, 1969—Decided April 24, 1969—Rehearing denied May 8, 1969.

John L. Respess, James R. Venable, H. G. McBrayer, Jr., for appellant.

Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General, for appellee.