## 31824. HERRING v. THE STATE.

Hall, Justice.

Appellant was co-indicted with two others for armed robbery. Following a nolle prosequi for one co-indictee and a guilty plea entered by the other co-indictee, appellant was tried, found guilty and sentenced to twenty years. He appeals.

On June 4, 1976, two men entered the Fair Oaks Liquor Store in Mt. Airy, Georgia and proceeded to rob it at gunpoint. One of the store's owners identified the appellant as the man with the gun. The co-indictee who entered a guilty plea testified that on the night of the robbery he and the appellant had frequented the Hillside Tavern, after which they had gone across the highway to the Four Oaks Liquor Store and robbed it. The bartender at the Hillside Tavern testified that the appellant was present at the tavern the evening of the robbery. The appellant admitted that he had been at the Hillside Tavern with the two co-indictees the evening of the crime, but denied that he participated in the robbery. He testified that he was not in Mt. Airy when the store was robbed.

1. Appellant contends that the court erred in denying his challenge to the array of traverse jurors. We

have reviewed the record and find this contention to be without merit.

2. Appellant contends that the court erred in denying defense counsel's request for a continuance when the prosecutor added the co-indictee who had unexpectedly pled guilty to the state's witness list in viola- of Code Ann. § 27-1403.

The purpose of Code Ann. § 27-1403 is to "insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had an opportunity to interview prior to trial." *Hicks v. State,* 232 Ga. 393, 399 (207 SE2d 30) (1974). When, as in this case, a witness' name is contained in the indictment, a defendant cannot validly contend that he had been surprised or unable to interview the witness in question through lack of knowledge of such witness. Therefore the trial court committed no harmful error. *Hibbs v. State,* 133 Ga. App. 407 (2) (211 SE2d 24) (1974).

3. Defense counsel made no request to charge on alibi, and the court did not charge on alibi. On appeal appellant urges that the failure to charge on alibi is reversible error.

Where the defense of alibi and the question of personal identity are virtually the same defense, the omission of the court to instruct separately on alibi is not error. *Cooper v. State,* 237 Ga. 288 (2) (227 SE2d 745) (1976); *Jones v. State,* 235 Ga. 103 (6) (218 SE2d 899) (1975). The trial judge did charge on the law of identification. Hence the omission of the court to instruct separately on alibi, without request, did not affect the outcome of the case and was not error.

4. Appellant contends that the court erred in the sentencing phase of the trial in admitting into evidence his prior record which the state did not furnish him prior to trial.

Code Ann. § 27-2503 provides that upon the return of a guilty verdict by a jury in a felony case, a pre-sentence hearing shall be conducted to determine the punishment to be imposed. At this hearing additional evidence in extenuation, mitigation, and aggravation of punishment, including the defendant's prior record, may be heard. The statute provides, however, that evidence on aggravation

shall be admissible only if the defendant has been given this evidence prior to trial.

The record shows that the state did not provide the appellant with a copy of his criminal record prior to trial. Prior to the pre-sentence hearing appellant's counsel objected to the admission of appellant's prior record. The objection was overruled, but the appellant and his counsel were given as much time as they needed to investigate the prior sentences, to prepare and present any evidence to show that the sentences were not valid or that the appellant was not represented by counsel. At that time appellant's counsel admitted that the sentences were valid and that the appellant had been represented by counsel at his prior convictions. The trial judge then proceeded with the sentencing without further objection.

The purpose of Code Ann. § 27-2503 (a) is to allow a defendant to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during the pre-sentencing phase of the trial. In this case, the appellant was allowed to examine the prior sentences and admitted that he had in fact received them, and that he had been represented by counsel. Under the circumstances in this case, we find that any error committed was harmless.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 3, 1977 — DECIDED JANUARY 28, 1977.

*James T. Irvin,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Staff Assistant Attorney General,* for appellee.