## 55657. BLACK v. THE STATE.

McMurray, Judge.

Defendant Daniel C. Black was indicted for the offense of armed robbery and upon trial by a jury was convicted. Defendant appeals, contending that the trial court erred during the pre-sentence hearing by considering evidence which was not made known to defendant prior to trial and by considering defendant's record of prior convictions where the record failed to show that defendant was represented by counsel when the prior convictions were obtained. *Held:*

During the pre-sentence hearing the trial court inquired into the details of the defendant's previous time in prison and learned that he had spent 40 of his 67 years in prison for crimes including aggravated assault, transporting stolen automobiles interstate and "joy riding." The trial court then sentenced the defendant to 20 years "in the State Penal System."

Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357) provides in part, "that only such evidence in aggravation as the State has made known to the defendant prior to his trial shall be admissible."

In the case of *Strozier v. State,* 231 Ga. 140, 142 (200 SE2d 762), where defense counsel made an objection during the pre-sentence hearing on grounds other than the grounds of "no prior notice" the Supreme Court of Georgia, at p. 142, held: "The record does not show that an objection was made on the grounds of no prior notice. Objections such as the one before us now must be properly made in the trial court and a failure to do so at that time eliminates a subsequent review by this court." See also *Adams v. State,* 142 Ga. App. 252, 255 (7) (235 SE2d 667).

The record and transcript in the case sub judice fails to disclose that any objection was made to the procedure followed by the trial court in the pre-sentencing phase of the trial wherein the trial court inquired of defendant and defendant orally furnished the details of his previous time in prison. Furthermore, a careful review of the record and transcript does not disclose any objection made on any grounds and particularly on grounds to the effect "no prior

notice" (notice prior to trial) was given to defendant that prior convictions would be used in aggravation of punishment.

"The purpose of Code Ann. § 27-2503 (a) [supra] is to allow a defendant to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during the pre-sentencing phase of the trial." *Herring v. State,* 238 Ga. 288, 290 (4) (232 SE2d 826).

There is no merit in the contentions of the defendant under the circumstances in this case.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED APRIL 5, 1978 — DECIDED JUNE 15, 1978.

*R. Alex Crumbley, Stephen P. Harrison,* for appellant.

*E. Byron Smith, District Attorney, L. Elizabeth Lane, Assistant District Attorney,* for appellee.