## 59856. MANGRUM v. THE STATE.

SHULMAN, Judge.

Defendant was convicted of theft by receiving stolen property. We affirm.

1. Defendant complains that an in-court identification was impermissibly suggestive since defendant was the only black male present in court (other than several members of the jury). *Lowe v. State,* 136 Ga. App. 631 (1) (222 SE2d 50), controls this issue adversely to defendant's contentions, holding that "[w]e know of no authority . . . which would prohibit, as unduly suggestive, an exclusively in-court identification . . ." See also *Crews v. State,* 142 Ga. App. 319 (2) (235 SE2d 756).

2. We cannot agree that the trial court erred in failing to charge, without request, on the effect of good character evidence.

"This court has consistently held that a proper instruction on character should be given whenever the accused places his character

---

in issue. However, in the absence of a timely request, the failure to give the charge on character will not require a new trial, except in exceptional cases." *Edwards v. State,* 235 Ga. 603 (4) (221 SE2d 28). Where, as here, the defendant did not rely upon his good character and reputation in the community as his sole defense (since defendant asserted the defense of lack of knowledge) and since we find, upon reviewing the record and transcript, that this case was not of the extraordinary nature as that presented in *Seymour v. State,* 102 Ga. 803 (30 SE 263) (where the denial of an effective charge on the law of good character was held to amount to a denial of a fair trial), we refuse to find error in the trial court's failure to charge the law on evidence of good character.

3. A. We find no merit in defendant's assertion that the trial court's charge on "admissions" was not related to the evidence. Since certain of defendant's statements, e.g., "Oh, my lord, I done f. . .ed up now," "how could a man think he could get away with driving around in a stolen car," and his statement in response to a police officer's inquiry that he owned the automobile in question (see in this regard *Voyles v. State,* 115 Ga. App. 690 (2) (155 SE2d 710)), could be construed by the jury to constitute admissions, the charge on admissions was relevant and properly adjusted to the evidence.

B. Moreover, defendant's contention that the charge improperly implied that the defendant had made an admission is not borne out by the transcript.

The trial court charged the jury on admissions in pertinent part as follows: "The question of whether this defendant made any admission, or inculpatory statement, tending to prove that he committed the offense charged in the indictment, in the manner and by the means recited in the indictment, if any offense was committed . . . is a question for the jury." Clearly, the court did not imply that an admission had been made since the jury was instructed that it was incumbent upon them to determine whether or not the defendant "made any admission."

C. Nor can we agree that the charge was erroneous for the reason that the court did not instruct the jury that, in deciding whether any admissions were made, they should consider all the other facts and circumstances revealed by the evidence. In its instructions, the court properly cautioned the jury regarding "admissions," stating that "all admissions should be scanned with care and should be received with great caution." In view of the court's cautionary instructions and its charge to the jury that they alone must determine whether any of defendant's statements did in fact constitute an admission, the court, by implication, instructed the jury to consider all facts and circumstances surrounding the making

of the statements before determining their relevance as possible admissions. We thus find no error in the court's failure to specifically charge the jury to consider all other facts and circumstances in reaching their determination.

4. Appellant argues that the court's charge to the jury that a defense of lack of knowledge was an "affirmative" defense was impermissibly burden-shifting in that the term "affirmative defense" implied that the burden of persuasion was on the defendant to prove his innocence. We disagree.

The court instructed the jury that "the burden is upon the state of proving the defendant's guilt beyond a reasonable doubt." The court further charged that knowledge that goods are stolen is an essential element of the crime of receiving stolen goods and that it would be an affirmative defense to the offense charged that defendant was unaware that the property was stolen. We cannot agree that the words "affirmative defense" in and of themselves connote that the burden of persuasion is on the defendant to prove his innocence. The charge, when read as a whole, is clearly not burden-shifting.

Since the court did correctly instruct the jury that the burden of persuasion lies with the state, we find no error in the court's charge as given. See *Maddox v. State,* 241 Ga. 398 (1) (245 SE2d 654).

5. Defendant claims that a reversal is in order on the grounds that a statement made by the jury foreman following the rendering of the jury verdict of guilty, wherein the juror stated that the jury "definitely felt" that "at the time he received the car the [defendant] was not aware of the fact that the car was stolen," indisputably shows that the jury misunderstood and misconstrued the nature and elements of the offense of receiving stolen property. Defendant argues that since the offense charged requires the defendant's knowledge that the property received was stolen (but see Code Ann. § 26-1806, which states that guilty intent exists if the person "knows or *should know*" the property was stolen (emphasis supplied), the jury's exculpatory evidentiary findings renders the verdict error.

Even assuming that the statement was inconsistent with the verdict of guilty (although it should be noted that the juror did not state that defendant did not, sometime after he received the automobile, *retain* it with the knowledge that it was stolen) (see *Johnson v. State,* 135 Ga. App. 768 (2) (219 SE2d 25)), since a juror's affidavit will not be taken to impeach the jury verdict, it logically follows that the unsworn statement of a juror, as we are herewith presented, cannot impeach the verdict. *Coleman v. Slade & Etheridge,* 75 Ga. 61. See also *Aguilar v. State,* 240 Ga. 830 (242 SE2d

620; Code Ann. § 110-109. This being so, the verdict is not error.

Finding no error for any reason assigned, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED MAY 12, 1980 — DECIDED JULY 15, 1980.

*Denmark Groover, Jr., Frank H. Childs, Jr.,* for appellant.

*W. Donald Thompson, District Attorney, Wayne G. Tillis, Assistant District Attorney,* for appellee.