## 65927. RAMPLEY v. THE STATE.
## 65928. COOK v. THE STATE.

QUILLIAN, Presiding Judge.

Defendants appeal their convictions for armed robbery.

Defendants Rampley and Cook were jointly indicted with Sequin for armed robbery. Sequin was the principal actor and pled

guilty just prior to the trial of Rampley and Cook. The evidence authorized the jury to find as follows:

Sequin and Cook had known each other for several years. Cook had a pickup truck in which he and Sequin came to Atlanta. In Atlanta the day before the robbery they met Rampley, a female, and Sequin discussed with her how to obtain controlled drugs by the use of forged prescriptions. Rampley wrote out a list of such drugs for Sequin. On the day of the robbery the three of them went, with Sequin driving Cook's pickup, to Fannin County to look for a drugstore, directed there by Rampley. There was evidence that all three had taken either alcohol or drugs or both. A drugstore was located and Sequin and Rampley entered the drugstore while Cook remained in the pickup. Rampley used the rest room while Sequin looked around. They then left without incident and drove away, returning a short while later. Before the return to the drugstore, Sequin showed Rampley a pistol and also announced his intention to rob the store. Both Rampley and Cook said: "Please, let's not do that." When they arrived at the drugstore with Sequin driving, Sequin went into the store and by use of the loaded pistol obtained money and drugs on the list that Rampley had drawn up. Cook remained in the pickup with the motor running. Two men drove up while Sequin was in the store and when one of them got out to go into the store, Rampley, who had gotten out of the pickup, engaged him in conversation by asking directions to keep him from entering the store. While Sequin was in the store, Cook moved from the center of the seat to the driver's position and backed the pickup closer to the store. When Sequin came running out of the store with a box containing the drugs and money, Cook moved back into the center of the seat, Sequin got in the driver's seat, Rampley got in the other side and they drove off at a high rate of speed. The sheriff was immediately notified. He pursued the pickup which eventually was stopped at a road block and all three occupants arrested. At the time of arrest Cook did not appear to law officers to be under the influence of anything.

Sequin, testifying for the state, admitted the robbery, said that Rampley did not discuss or plan the robbery with him, and that Cook was so intoxicated that he did not know what was going on. Rampley testified that she talked with the man trying to go into the store while the robbery was in progress to keep him from entering and being hurt by Sequin, and denied involvement in the robbery. Cook presented no evidence. *Held:*

1. There was no error in denying the defendants' motions for directed verdicts of acquittal. As we find the evidence sufficient to authorize a rational finder of fact to find defendants guilty beyond a

reasonable doubt, "it could hardly be found to demand a verdict of acquittal." *Milner v. State,* 159 Ga. App. 887 (1), 888 (285 SE2d 602); *Ramsey v. State,* 165 Ga. App. 854 (6) (303 SE2d 32).

The following divisions pertain to defendant Rampley's enumerations of error only.

2. The denial of Rampley's motion for severance was not error. "The grant or denial of a motion for severance lies within the sound discretion of the trial court and the ruling of the court will be overturned only in the event of an abuse of that discretion. [Cits.] To warrant a severance, appellants must show the probability of prejudice and may not simply argue that there is a mere possibility that a separate trial probably would give them a better chance of acquittal. To obtain a new trial, they must go further and show prejudice and a denial of due process." *Johnson v. State,* 159 Ga. App. 819 (1), 821 (285 SE2d 252).

Rampley argues she was prejudiced in that her defense was inconsistent with that of Cook, and because Sequin's testimony so favored Cook, it tainted his testimony tending to exculpate her. Cook's defense could not be inconsistent with Rampley's, as he presented no evidence; the other argument presents no ground for severance.

The trial court did not abuse its discretion in denying severance. *Cain v. State,* 235 Ga. 128 (218 SE2d 856).

3. During cross-examination of a police investigator, Rampley's counsel was attempting to elicit why Rampley had been taken to the hospital the day after she was arrested, and asked what complaints she had. The investigator responded that she had told him she was a junky, common parlance for drug addict or abuser. Claiming that this put her character in issue, a motion for mistrial was made and denied, which is enumerated as error.

The transcript shows that Rampley's counsel was attempting to show that she was under the influence of drugs in his cross-examination of several witnesses. When Rampley testified, she admitted she had had a drug problem for several years, and her mother said the same thing in her testimony. These circumstances alone justified the denial of the mistrial motion. Moreover, after the motion was denied, no request for a cautionary instruction was made, or lack thereof objected to. Under these circumstances, the trial court did not abuse its discretion in denying the mistrial. *Chandler v. State,* 143 Ga. App. 608 (2) (239 SE2d 158).

4. At the presentencing hearing, the trial court went over a presentencing report with Rampley, which showed that she had a considerable prior record of offenses. The state presented nothing in aggravation. Before imposing the maximum sentence of 20 years, the

court stated: "This is an armed robbery case. You have a substantial record. If it were an armed robbery case and you did not have a substantial record, I would probably give you five years, which is the minimum; but you do have a substantial record. You've had several opportunities to rehabilitate yourself; and anything I do is not going to rehabilitate you. If I give you five years, I'm not going to rehabilitate you."

A presentencing report cannot be used in aggravation in determining sentence. *Mills v. State,* 244 Ga. 186, 187 (259 SE2d 445); *Threatt v. State,* 156 Ga. App. 345, 346 (274 SE2d 734); *Howard v. State,* 161 Ga. App. 743 (6) (289 SE2d 815).

As it is clear from the statements of the trial court that the presentencing report was used to aggravate the sentence, the sentence must be reversed and the case returned for resentencing.

*Judgment in 65928 affirmed; judgment of conviction in 65927 affirmed, sentence reversed and remanded with direction. Sognier and Pope, JJ., concur.*

DECIDED MAY 4, 1983.

*Bryan M. Cavan,* for appellant (case no. 65927).
*Roger E. Bradley,* for appellant (case no. 65928).
*Rafe Banks III, District Attorney, Garry T. Moss, Wallace W. Rogers, Jr., Assistant District Attorneys,* for appellee.