## 67176. AMMONS v. THE STATE.

DEEN, Presiding Judge.

Randolph Ammons was found guilty of burglary and sentenced to serve five years in prison and five years on probation. He appeals from this judgment, enumerating as error ineffective assistance of counsel.

Brown, a resident of a DeKalb County apartment complex, was idly looking out his front window when he observed an old van, which he could not remember having seen in the area, making several slow passes along a street running through the complex. In the front seat were two black males. When the van came into view for what turned out to be the final time, Brown saw that only one person, the driver, was visible; and as the vehicle drew parallel with the witness' vantage point, a black male ran towards the van from the building across the street, carrying a beige-colored sack apparently filled with heavy objects. At that point Brown instructed his sister-in-law to call the police, and, carrying a gun, he rushed outside and ordered the van's driver to halt. The latter complied, stepped out of the van, and surrendered; the passenger, however, ran away and, ignoring a warning shot fired over his head, made good his escape. Police officers took custody of the driver and the van. Investigation revealed that an apartment in the building from which the escapee had emerged had been ransacked, and that attempts had been made to pry open the doors of two other units in the building. The sack found in the van (actually, a beige pillowcase) and its contents were subsequently identified by the tenant of the looted apartment.

The van driver cooperated with police, gave a written statement, and identified his co-defendant as "Larry Turner." Two or three days later he telephoned the police and told them that "Turner," whom he had known only casually in the neighborhood where both lived, was actually named Randolph Ammons. Police then showed Brown, the eyewitness, a group of photographs which included that of Ammons; Brown was not told in advance whether any of the photographs depicted a suspect. He identified Ammons' picture as "possibly" that of the escapee, and a warrant was issued for Ammons' arrest. Appellant was taken into custody at his girl friend's apartment. After less than an hour in custody, according to the times stamped on the official records, Ammons signed a waiver, and fifteen minutes later had completed execution of a longhand statement as to his participation in the burglary.

At trial appellant repudiated the confession and asserted during his Jackson-Denno hearing that it had been made under threats of violence and was the product of isolation, protracted interrogation, and deprivation of food and drink lasting possibly as long as twelve hours. Ammons raised an alibi defense and produced as witnesses his girl friend and her younger brother, both of whom corroborated appellant's testimony that he was with them at the time of the burglary, and that arresting officers had used force and threats in taking appellant into custody. The exact number of officers participating in the arrest was variously reported as between five and

twelve, the number increasing, in a Falstaffian sort of progression, as each succeeding witness testified. The testimony of arresting officers (officially three) and investigators conflicted in nearly every material respect with that of the defendant and his witnesses.

On appeal Ammons enumerates as the sole error ineffective assistance of counsel of such magnitude as to deny defendant a fair trial. He lists a number of alleged "mistakes" which he contends constitute ineffective assistance. Appellant complains chiefly of two instances: defense counsel's eliciting of an in-court identification by Brown, the eyewitness who had made a tentative identification from the photographic line-up; and counsel's failure to request a jury instruction that if the jury found the confession to be the product of police threats and coercion, it would be inadmissible under OCGA §§ 24-3-50; 24-3-53 (Code Ann. §§ 38-411, 38-420), because involuntary.

Appellant also complains of trial counsel's failure to submit any requests at all for jury instructions, most particularly that cited, supra, on the admissibility of the confession, and also an instruction that a conviction may not be based solely on the uncorroborated testimony of a co-defendant, under OCGA § 24-4-8 (Code Ann. § 38-121); appellant concedes, however, that the latter instruction was rendered inappropriate by counsel's alleged *faux pas* (however inadvertent) in eliciting an in-court identification of the defendant after the prosecutor had not done so. Other mistakes listed by appellant are counsel's failure to object to the admission of the confession; his failure to reserve the right to object to jury instructions; his placing defendant's character in evidence during the state's presentation of its case by eliciting from a police investigator that at the time of the burglary the defendant was under investigation for other crimes; his failure to object to the prosecution's allegedly leading questions of state's witnesses; his failure to have the co-defendant's written statement adequately identified so that it could be admitted into evidence (the court nevertheless subsequently admitted it); and his failure to make any argument regarding the voluntariness of the confession. *Held:*

Appellant concedes that a defendant is not necessarily entitled to "errorless counsel, [or] counsel judged ineffective by hindsight." MacKenna v. Ellis, 280 F2d 592, 599 (5th Cir. 1960); *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974); *Jones v. State,* 243 Ga. 820, 830 (256 SE2d 907) (1979). He contends, however, that the alleged mistakes, particularly when viewed collectively, so impaired his defense as to make it impossible for the jury to make a fair determination of guilt or innocence.

The trial transcript discloses that, at the beginning of the second

day of the trial, after only two state's witnesses had testified, defendant expressed dissatisfaction with his attorney ("I feel I need somebody . . . to fight for me") and informally requested a continuance to obtain new counsel. The court offered to recess the trial until noon (approximately two and one-half hours) to permit new counsel to arrive and take over the defense. When Ammons replied that this was insufficient time to complete the arrangements, the court twice offered to appoint a public defender to assist in the defense. Upon defendant's twice declining to accept the offer, the court refused to grant a continuance, pointing out that to allow a defendant to cause the trial to be suspended while he obtained a new lawyer could cause the administration of justice to bog down in interminable delays: "I don't see how you could ever operate the [criminal justice] system by starting the trial and then let the man get up and say he is dissatisfied." The court further offered to be especially vigilant that the defendant's right to a fair trial not be compromised: "And if I think you haven't been adequately represented, then there are certain things that I could do . . . [I]f I think [counsel] hasn't done everything he can do for you there are certain rights I can exercise on your behalf. But just to grab something out of the air and say, 'Well, he is not doing it' — I haven't see[n] any evidence of anything that he has failed to represent you in so far."

An "[a]ppellant has the right to effective assistance of counsel, but not the right to the assistance of counsel satisfactory to him." *Ford v. State,* 164 Ga. App. 620, 621 (298 SE2d 327) (1982); *Bailey v. State,* 240 Ga. 112 (239 SE2d 521) (1977). Our courts have defined effective counsel as "counsel reasonably likely to render and rendering reasonably effective assistance." *Jones v. State,* supra at 830, quoting from MacKenna v. Ellis, supra. Scrutiny of the trial transcript discloses that (as appellant concedes in his brief) trial counsel "was reasonably effective during his cross-examination of [the co-defendant]." He had prepared his case; he had summoned witnesses; he exploited fully the discrepancy regarding Ammons name; his questions on direct and cross-examination of the witnesses were framed so as to create doubt as to the validity of the photographic identification and the voluntariness of the confession. That he apparently did not succeed in creating reasonable doubt in the juror's minds is really more a question of the witnesses' credibility than of defense counsel's skill, and credibility is a question for the trier of fact. *Young v. State,* 232 Ga. 176 (205 SE2d 307) (1974); *Armour v. State,* 154 Ga. App. 740 (270 SE2d 22) (1980). As the trial judge remarked when Ammons initially express-ed a desire to obtain new counsel, there is no lawyer who can guar-

antee an acquittal. *Pitts v. Glass,* supra at 639.

Moreover, the fact that another attorney — or even that same attorney with benefit of hindsight — might have made other and perhaps better decisions as to various particulars of the conduct of the trial does not mean *per se* that trial counsel's assistance was so ineffective as to deprive appellant of a fair trial. "The acts or omissions of counsel, listed by defendant, are matters of strategy and trial tactics . . ." *Jones v. State,* supra at 830. "While another lawyer or lawyers, had they represented [defendant] upon [his] trial, might have conducted [his] defense in a different manner, and might have exercised different judgments,. . . the fact that [his] attorneys chose to try the . . . case in the manner in which it was tried and made certain decisions as to the conduct of [the] defense with which [he] and [his] presently employed attorneys now disagree, does not require a finding that [the] representation . . . was so inadequate as to amount to a denial . . . of the effective assistance of counsel." *Estes v. Perkins,* 225 Ga. 268, 269-270 (167 SE2d 588) (1969).

While appellant's defense may not have been exemplary, we cannot agree that it fell below the minimum standard of effective assistance. Moreover, there was sufficient evidence pointing to appellant's guilt to override even a hypothetically "perfect" performance by defense counsel, and appellant's counsel has not demonstrated the likelihood of the jury's reaching a different result absent the alleged mistakes. Certainly the evidence was such as to authorize a reasonable trier of fact to find appellant guilty as charged. *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980); *Gipson v. State,* 152 Ga. App. 634 (263 SE2d 518) (1979).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 25, 1983.

*Stroud P. Stacy II,* for appellant.
Randolph Ammons, *pro se.*
*Robert E. Wilson, District Attorney, Michael Sheffield, Assistant District Attorney,* for appellee.