Benham join in this opinion.

## 68059. JOHNSON v. THE STATE.

McMurray, Chief Judge.

The defendant, Pearlie Johnson, Jr., was convicted of rape and sentenced to 15 years imprisonment. This appeal followed.

According to the victim, at approximately 8:00 a.m. on August 31, 1981, the defendant appeared at the victim's door; he displayed a pistol, forced open the door, and then, threatening to kill her if she did not comply with his requests, raped her. At some point after the act of intercourse, the victim grabbed a wine bottle located next to the bed, and struck the defendant on the back of his head. A brief struggle ensued, during which the defendant pushed the victim against a mirror, which broke and cut her back. The victim then pushed the defendant out of her apartment and barricaded the door with a dresser. She exited her apartment through the window and subsequently acquired assistance in calling the police. The victim had previously seen the defendant in the community and was aware of his nickname "Country," but she did not know him.

The defendant acknowledged that he and the victim had sexual intercourse on that particular morning, but he claimed that he and the victim had been enjoying an affair for some time. The victim had struck him with the wine bottle because he had refused to leave his wife for her.

A neighbor of the victim testified that on the morning of August 31, 1981, he awoke to discover the defendant in his apartment. The defendant wielded a pistol, inquired as to the whereabouts of "Junior Baker," and departed shortly afterwards. Another resident in the neighborhood testified that on that morning, the defendant appeared at her residence wearing neither a shirt nor shoes and bleeding from a head wound. The defendant explained that he had injured his head in a fall, and he left after washing the wound.

On appeal, Johnson contends that he received ineffective assistance of counsel; that the trial court erred in not declaring a mistrial when the prosecutor disparaged defense counsel during voir dire, and when the prosecutor impermissibly placed the defendant's character into evidence; and that the trial court erred during the sentencing phase in considering a presentence investigation report and certified copies of two prior criminal convictions.

*Held:*

1. The defendant identifies several acts or omissions which, he claims, indicate ineffective assistance of counsel of such magnitude as

to deny him a fair trial. Included in that list of alleged errors is counsel's failure to submit any pretrial motions, his failure to cross-examine numerous witnesses, his failure to request at least a jury instruction on character, and his stipulation concerning medical testimony about the proof of intercourse. Defense counsel also failed to object to the victim's neighbor's testimony about his statement to the police, which implied that the defendant had burglarized his residence, and to the admission and consideration at the sentencing hearing of two prior convictions as evidence in aggravation.

Also, during the closing argument, defense counsel suggested that the jury should not hesitate to acquit the defendant despite some doubt as to his innocence, because even if the defendant were guilty as charged, statistics indicate a 73 percent recidivist rate and the State would thus probably have an opportunity to prosecute him again later.

In reviewing the effectiveness of counsel, this court must " 'interpret counsel to mean not errorless counsel, and *not counsel judged ineffective by hindsight,* but counsel reasonably likely to render *and rendering* reasonably effective assistance.' " *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974), quoting from MacKenna v. Ellis, 280 F2d 592, 599 (5th Cir. 1960) (emphasis supplied in *Pitts*); accord *Jones v. State,* 243 Ga. 820, 830 (256 SE2d 907) (1979). "While another lawyer or other lawyers, had they represented the petitioner upon her trial, might have conducted her defense in a different manner, and might have exercised different judgments with respect to the matters referred to in her petition, the fact that her attorneys chose to try the petitioner's case in the manner in which it was tried and made certain decisions as to the conduct of her defense with which she and her presently employed attorneys now disagree, does not require a finding that their representation of the petitioner was so inadequate as to amount to a denial to her of the effective assistance of counsel." *Estes v. Perkins,* 225 Ga. 268, 269-270 (167 SE2d 588) (1969); see also *Ammons v. State,* 168 Ga. App. 601, 603-605 (309 SE2d 885).

In the case sub judice, several of the acts or omissions complained of on appeal constituted matters of strategy and trial tactics, and hindsight disagreement as to the efficacy of such strategy and tactics does not require a finding of ineffective assistance of counsel. *Jones v. State,* 243 Ga. 820, supra. The defendant did not deny having sexual intercourse with the victim; rather, his sole defense was that the victim had consented to the act. Under such a circumstance, the defense counsel's failure to cross-examine witnesses, whose testimony served to prove the presence of the defendant at the victim's residence and the sexual act, and his stipulation about the medical testimony, which established the presence of spermatozoa and the de-

fendant's hair about the victim's vaginal area, did not constitute an unreasonable or incompetent strategy. In pursuing the defense of consent, defense counsel adequately cross-examined the victim and examined the defendant; the trial became a contest of credibility, and the jury's resolution of that matter against the defendant does not here translate into ineffective assistance of counsel.

Similarly, we conclude that the other acts and omissions of defense counsel during the actual trial do not require a finding of ineffective assistance of counsel. We will not label an attorney incompetent for his failure to file any pretrial motions, especially where no necessity of or benefit from such is indicated, and for a perhaps very indiscreet remark about the recidivist rate during closing argument. Although it would not have been error for the trial court to charge the jury on character, the case sub judice is not of that exceptional class where the court's failure to charge on the good character of the defendant is reversible error. See *Widner v. State*, 197 Ga. 542 (30 SE2d 97) (1944); *Mangrum v. State*, 155 Ga. App. 334 (270 SE2d 874) (1980). Similarly, we do not find the defense counsel's failure to request such a charge or to object to the omission of the charge to constitute ineffective assistance of counsel.

The testimony of the State's witness, recounting his statement to the police and, in so doing, implying that the defendant had committed another crime, should have been excluded, as it did tend to place the defendant's character into evidence. However, we find it inconceivable that such an indefinite and incidental taint contributed to the verdict of guilty, considering the other evidence of guilt. Had defense counsel objected to the statement, the trial court would have been proper in sustaining the objection, but admission of the testimony over objection would not have been reversible error. See *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976). The defense counsel's failure to object to this testimony thus cannot support a finding that such counsel did not provide reasonably effective assistance.

Despite this collection of acts and omissions, the defense counsel still energetically presented the defendant's defense of consent and reminded the jury of the crucial issue of credibility. Accordingly, we conclude that these acts and omissions, either singly or in combination, did not prevent the rendering of reasonably effective assistance during the actual trial.

We also reject the defendant's contention that his defense counsel was ineffective by acquiescing in (and actually requesting) a presentence investigation report. Such reports may inure to the benefit or detriment of the defendant; allowing a court to consider such a report, notwithstanding the court's declared indisposition to probate any sentence, is a calculated risk akin to matters of strategy and trial tactics.

A presentence investigation report, of course, cannot be used in aggravation in determining sentence. See *Mills v. State*, 244 Ga. 186 (259 SE2d 445) (1979); *Rampley v. State*, 166 Ga. App. 521 (304 SE2d 574) (1983). However, it does not appear from the record that the trial court used the report in such a manner. In agreeing to delay sentencing until preparation of the presentence investigation report, the trial court indicated that the report could be used only in deciding whether to probate or not. During the presentencing hearing itself, while noting the defendant's prior convictions, the trial court clearly stated that the report was not before it.

At the statutory hearing, the State offered as evidence in aggravation of punishment certified copies of a prior rape conviction and a prior theft conviction. The State had not served the defendant with such copies until the day of the sentencing hearing.

OCGA § 17-10-2 (a) (formerly Code Ann. § 27-2503) authorizes the trial court to hear additional evidence during the sentencing phase "in extenuation, mitigation, and aggravation of punishment including the record of any prior criminal convictions and pleas of guilty . . . of the defendant . . . provided that only such evidence in aggravation as the state has made known to the defendant prior to his trial shall be admissible." The purpose of making the defendant's record known to him is to allow counsel and the defendant to determine if there are any defects which would render these documents inadmissible during the presentencing phase of the trial. See *Adams v. State*, 142 Ga. App. 252, 254 (7) (235 SE2d 667); *Herring v. State*, 238 Ga. 288 (232 SE2d 826); *Black v. State*, 146 Ga. App. 226 (246 SE2d 133); *Franklin v. State*, 245 Ga. 141 (263 SE2d 666). This was done here.

No objection was made at the sentencing phase of the trial nor has the defendant pointed out before this court in what way or manner any of the evidence used in aggravation was subject to objection. Therefore, adequate notice was given as to this evidence and no reason has been shown requiring that this case be remanded for another sentencing hearing.

2. The defendant also contends that the trial court erred in not declaring a mistrial when, during voir dire and in the presence of the potential jurors, the prosecutor disparaged the defense counsel. During the prosecutor's questioning of a potential juror, defense counsel interjected a question, prompting the prosecutor's remark to the judge: "Your Honor, at this time I would hope that we could keep some sort of courtroom decorum as far as procedure and everything in this case. I'm beginning to realize it's going to be hard to do, but . . ." The defense counsel, notwithstanding his subsequent motion for a mistrial, apologized for interrupting the prosecutor.

Since a jury had not yet been impaneled and sworn to try the case, the motion for mistrial actually was premature; the proper pro-

cedural defense maneuver would have been either a challenge to the poll or a motion for a postponement to impanel other jurors who had not heard the remark. *Ferguson v. State*, 219 Ga. 33, 35 (131 SE2d 538) (1963); *Lingerfelt v. State*, 147 Ga. App. 371 (249 SE2d 100) (1978). Even treating the motion for mistrial as a motion for postponement, however, as was done in *Lingerfelt v. State*, supra, the trial court's denial of the motion was proper. We simply reject the contention that the prosecutor's remark prejudiced the defendant.

*Judgment affirmed. Quillian, P. J., Banke, P. J., Carley and Benham, JJ., concur. Banke, P. J., Birdsong, Carley, and Pope, JJ., concur specially. Deen, P. J., and Sognier, J., concur in part and dissent in part.*

DECIDED JULY 16, 1984 —
REHEARING DENIED JULY 31, 1984 — 

*Michael G. Schiavone*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.

POPE, Judge, concurring specially.

I agree with the majority opinion that appellant's conviction must be affirmed. I further agree with the majority that this case need not be remanded for resentencing. As correctly noted by both the majority and the dissent, no objection was made at the sentencing hearing to the admissibility of appellant's prior convictions on the ground that such evidence was not properly made known to him prior to trial as required by OCGA § 17-10-2 (a). In my view, appellant's failure to object on this ground at the pre-sentence hearing eliminates our review of that phase of the proceedings. See *McDuffie v. Jones*, 248 Ga. 544 (3) (283 SE2d 601) (1981); *Black v. State*, 146 Ga. App. 226 (246 SE2d 133) (1978); *Bradshaw v. State*, 145 Ga. App. 664 (1) (244 SE2d 600) (1978).

I am authorized to state that Presiding Judge Banke, Judge Birdsong and Judge Carley join in this special concurrence.

DEEN, Presiding Judge, concurring in part and dissenting in part.

I concur fully in the majority opinion with regard to its affirmance of the jury verdict. However, I disagree with its holding insofar as it validates the sentencing phase of the proceedings below.

OCGA § 17-10-2 (a) provides that in imposing sentence, the trial court may consider the records of prior criminal convictions in aggravation of punishment, but only if "the state has made [such evidence] known to the defendant prior to his trial . . ." Because the State did not inform the appellant of its intention to use the prior convictions

until the actual day of the sentencing, the evidence was inadmissible and improperly considered by the court below. Especially because one of the prior convictions was for rape, the defense counsel's failure to object here simply was inexcusable, necessitating resentencing.

I agree with the majority that the purpose of OCGA § 17-10-2 (a) is to allow a defendant to examine his record in order to determine whether there are any defects which would render such documents inadmissible during the presentencing phase of the trial. *Franklin v. State*, 245 Ga. 141 (263 SE2d 666) (1980); *Herring v. State*, 238 Ga. 288 (232 SE2d 826) (1977). What puzzles me is how the majority concludes that this purpose has been accomplished in this case, where the prior convictions were first produced at the beginning of the sentencing hearing. The majority ignores one simple question: *where or how has the defendant had the opportunity to determine any defects in the evidence?*

In his special concurrence, Judge Pope disposes of this problem by finding a waiver in the appellant's counsel's failure to object at the presentencing hearing. Such a conclusion, however, assumes that the counsel was competent at that stage of the proceedings below. This, of course, is inconsistent with my opinion that the failure to object to the admission of at least the prior rape conviction proved the incompetency of the counsel at the presentencing phase, but waiver is the proper result if I am incorrect in considering the defense counsel ineffective. The majority, however, bases its holding on satisfaction of the notice function of OCGA § 17-10-2 (a).

Certainly consideration of the prior convictions at a second sentencing hearing would not be prohibited under OCGA § 17-10-2 (a), since that statute's notice function has now been served. But I believe that another sentencing hearing is mandated so that the appellant is formally given the opportunity to attack the admissibility of the prior convictions. To hold otherwise virtually would license the State to "sandbag" any defendant at a sentencing hearing and render OCGA § 17-10-2 (a) nugatory.

I must respectfully dissent from the majority's failure to remand this case for resentencing. I am authorized to state that Judge Sognier joins in this dissent.