68671. GRAHAM v. THE STATE.
(324 SE2d 518)

CARLEY, Judge.

Appellant entered a plea of guilty to forgery and was sentenced to twelve months probation. Subsequently, he was indicted for and found guilty of three counts of robbery. Following a separate hearing, appellant was also found to be in violation of his probation to which he was sentenced on the forgery conviction. He appeals from both the trial court's order revoking his probation and from the judgments of conviction and sentences entered on the verdicts finding appellant guilty of robbery.

1. Appellant asserts that he did not knowingly and intelligently waive his right to counsel. " 'In determining whether or not an accused has adequately waived his right to counsel and elected to exercise his constitutional right to represent himself, the courts will apply the standard set forth in Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 1461) (1937) . . . . *Taylor v. Ricketts*, 239 Ga. 501 (238 SE2d 52) (1977), applied the Johnson v. Zerbst standard that "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." [Cit.]' . . . . '[T]he record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se. The record should also show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel.' [Cit.]" *Hose v. State*, 161 Ga. App. 401-402 (288 SE2d 675) (1982). See also *Clarke v. Zant*, 247 Ga. 194, 196 (275 SE2d 49) (1981).

The colloquy between the trial court and appellant concerning his right to counsel occurred prior to the commencement of the reporting of the trial. Therefore, pursuant to the authority vested in this court under OCGA § 5-6-48 (d) (see also *State v. Pike*, 253 Ga. 304 (320 SE2d 355) (1984)), this court ordered the trial court to supplement the record so as to show whether appellant waived his right to counsel. The record has been supplemented accordingly by the affidavit of the trial judge presiding over the trial. The trial judge stated in his affidavit that, prior to the commencement of the proceedings, he informed appellant of his right to counsel and of the dangers of proceeding without counsel, and offered to appoint counsel. However, appellant insisted on proceeding pro se. The judge further stated that he made a finding that appellant had made a valid waiver of counsel and had knowingly and voluntarily elected to represent himself. The trial judge also stated that, as a further precaution, he appointed an Assistant Public Defender to sit with and assist appellant during the trial. The affidavits of the Assistant District Attorney and the Assistant Public Defender also were made part of the record on appeal. Both of these affiants stated that, prior to the trial of the case, the trial court fully informed appellant of his right to counsel and offered to appoint counsel. However, appellant demanded to represent himself without counsel, unless a Muslim lawyer was appointed. The trial court denied appellant's request for a Muslim attorney and appointed the Assistant Public Defender to sit with the appellant and to be available to assist him. The Assistant Public Defender further stated in his affidavit that during the course of the jury trial and the subsequent probation revocation hearing, he sat with appellant and "answered his legal questions and consulted with him on numerous occasions."

Appellant clearly was not entitled to have counsel of *his choosing* appointed for him. See *Ammons v. State*, 168 Ga. App. 601, 604 (309 SE2d 885) (1983); *Burney v. State*, 244 Ga. 33, 35 (257 SE2d 543) (1979). Based upon the evidence of record, we find that the trial court made a finding that appellant validly chose to proceed pro se after he was made aware of his right to counsel and of the dangers of proceeding without counsel. See *Clarke v. Zant*, supra. Moreover, counsel was made available for consultation and that attorney apparently participated in the defense. We find no error in allowing appellant to represent himself. See *Dickerson v. State*, 161 Ga. App. 178 (2) (288 SE2d 131) (1982); *Hose v. State*, supra. Furthermore, in light of the strength and simplicity of the State's evidence, it is unlikely that appellant's conviction was attributable to his decision to represent himself. See *Hose v. State*, supra.

2. Appellant enumerates as error the trial court's ruling that he be excluded from the courtroom during a portion of the trial. During

his closing argument, appellant repeatedly made improper argument to the jury over the State's objection. After an hour of such argument, the trial court directed appellant to conclude in three minutes. At the end of the prescribed time, appellant refused to complete his argument and refused to be seated. After the appellant failed to heed at least two warnings that he would be excluded from the courtroom if he continued his disruptive conduct, the trial court ordered that appellant be removed to an adjoining office where he could listen to the remaining proceedings over a speaker. The trial court instructed appellant that if he would sit quietly, he could return and remain in the courtroom. The trial court also granted appellant's request to speak with the Assistant Public Defender before he was removed. The Assistant Public Defender was present for the remainder of the trial, which consisted only of the giving of the jury charge.

A defendant's contumacious conduct can result in the loss of his right to be present at his trial. Illinois v. Allen, 397 U. S. 337 (90 SC 1057, 25 LE2d 353) (1970); *Raymond v. State,* 168 Ga. App. 487 (309 SE2d 669) (1983). The evidence clearly shows that appellant's "own conduct made the progress of the trial practically impossible in [his] continued presence and it was not an abuse of the court's discretion to remove [him] from the courtroom." *Simmons v. State,* 161 Ga. App. 527, 528 (288 SE2d 868) (1982). See also *Smith v. State,* 161 Ga. App. 512 (288 SE2d 754) (1982). Compare *Rider v. State,* 195 Ga. 656, 659 (6) (25 SE2d 304) (1943), wherein the jury was recharged without the defendant's knowledge and while he was involuntarily absent from the courtroom.

Moreover, we find that in the instant case, a different result is not demanded merely because appellant chose to represent himself. Appellant was told that he could remain in the courtroom if he would sit quietly. He refused, and effectively waived his right to be present in the courtroom. After he was removed, only the jury charge was given. He was able to listen to the charge, and the Assistant Public Defender remained in the courtroom. No error is assigned to any portion of the charge as given. Appellant's enumeration is without merit. See generally *Roberson v. State,* 135 Ga. 654 (2) (70 SE 175) (1911). Compare *Hopson v. State,* 116 Ga. 90, 91 (2) (42 SE 412) (1902), wherein there was no "waiver of the right of the accused and his counsel to be present . . . ."

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 20, 1984.

*J. Douglas Willix, Kenneth D. Feldman, Michael E. Bergin,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, R. Andrew Weathers, Assistant District Attorneys,* for appellee.