## 63542. SIMMONS v. THE STATE.

DEEN, Presiding Judge.

During her trial for aggravated assault, arson, obstructing an officer and criminal damage to property, the defendant became angry and attempted to leave the courtroom. In the succeeding argument during which a sheriff attempted to make her go back to her seat she became even more infuriated, was slapped by the officer, and resisted violently while addressing obscenities at the judge and persons trying to control her, kicked, screamed and threatened, including a threat, directed either to the sheriff or the court, that "I'll get you, you son of a bitch." According to the appellant's brief the court first ordered that she be gagged, which proved ineffectual. The court's statement at the time was that he had tried to explain that a trial could not be conducted during such disorderly conduct, and noted that it took several officers of the court to physically restrain her in the face of screaming, fighting and shouting abuse. He then ordered her removed from the courtroom, her counsel of course remaining, and continued the trial. Appellant now contends that her Sixth Amendment rights were violated. *Held:*

1. It has long been recognized that due process requires that notice and opportunity for hearing be given to all parties litigant. Twining v. New Jersey, 211 U. S. 78, 111 (29 SC 14, 53 LE 97). And of

course the defendant's Sixth Amendment rights, include confrontation of witnesses in all criminal cases. (Code § 1-806). "The removal of a disruptive defendant from the courtroom must be measured by the standards set forth in Illinois v. Allen, 397 U. S. 337 (90 SC 1057, 25 LE2d 353) (1970). Allen stated that a defendant's Sixth Amendment right to confrontation assures the accused the right to be present in the courtroom at every stage of the trial. Id. at 338, 90 SC at 1058. The court held, however, that this right can be forfeited by contumacious conduct. Id. at 343, 90 SC at 1060-1061; United States v. Cochran, 475 F2d 1080, 1083 (8th Cir.) *cert. denied* 414 U. S. 833 (94 SC 173, 38 LE2d 68) (1973). . . . See also Fed. R. Crim. Pro. Rule 43 (b) (2) (1975 amendment incorporating *Illinois v. Allen* principle)." Scurr v. Moore, 647 F2d 854 (1), 858.

Allen points out that there are at least three constitutionally permissible ways to handle an obstreperous and contumacious defendant: To keep him present, bound and gagged if necessary; to cite him for contempt; to remove him from the courtroom until such time as he evinces a willingness to conduct himself properly. Where the first and second methods would, as here, obviously be unsuccessful, the third is proper because a defendant in a state criminal trial loses his right to be present by such conduct. Allen, supra, 25 LE2d 353, 360 and see Ann., p. 931 et seq. The defendant's own conduct made the progress of the trial practically impossible in her continued presence and it was not an abuse of the court's discretion to remove her from the courtroom.

2. The uncontradicted evidence of a number of witnesses shows the following: Defendant, on the morning in question, became angry with her mother and sister and attempted to throw hot grits on them. She then set fire to her bed, took two butcher knives, left the house and went down to the corner. She threatened a peace officer attempting to take her in custody. When her stepfather approached (whose arm she had broken with an axe on a previous occasion) she threw a knife at him, which hit him in the leg. She was finally arrested and removed.

Upon the trial the state offered both lay and expert testimony to the effect that while the defendant was uncontrollable she was not insane but "explosive aggressive." No contrary testimony appears. The evidence was ample to sustain the verdict under constitutional standards. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MARCH 5, 1982.

*Robert Simmons Lanier, Jr.,* for appellant.

*J. Lane Johnston, District Attorney, N. Jackson Cotney, Assistant District Attorney,* for appellee.