## 66952. FLETCHER v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for kidnapping and aggravated assault. During the voir dire procedure the defendant suddenly overturned the table used by counsel, knocking other furniture and materials in all directions, addressed profanities to the assistant district attorney and then began to struggle with the prosecuting witness, either throwing him to the floor or falling to the floor with him. It required five persons to restrain and subdue the defendant. According to the trial judge, "he went limp and was then removed from the courtroom." The defendant was kept nearby but not permitted in the courtroom until the completion of jury selection and until after several of the state's witnesses had testified. He was then permitted to return on condition that his conduct remain

proper.

Error is assigned: 1) because it is contended the court erred in barring the defendant from the courtroom during a portion of the trial; 2) because of the failure to grant the defense's motion for mistrial based upon the misconduct of the defendant. *Held:*

This court discussed the principles involved in a situation of this type in *Simmons v. State,* 161 Ga. App. 527, 528 (288 SE2d 868) wherein it was held: " 'The removal of a disruptive defendant from the courtroom must be measured by the standards set forth in Illinois v. Allen, 397 U. S. 337 (90 SC 1057, 25 LE2d 353) (1970). Allen stated that a defendant's Sixth Amendment right to confrontation assures the accused the right to be present in the courtroom at every stage of the trial. Id. at 338, 90 SC at 1058. The court held, however, that this right can be forfeited by contumacious conduct. . . .' [Cit.]

"Allen points out that there are at least three constitutionally permissible ways to handle an obstreperous and contumacious defendant: To keep him present, bound and gagged if necessary; to cite him for contempt; to remove him from the courtroom until such time as he evinces a willingness to conduct himself properly. Where the first and second methods would, as here, obviously be unsuccessful, the third is proper because a defendant in a state criminal trial loses his right to be present by such conduct."

In that case there was violent resistance, threats and screams by the defendant who was first gagged but that proved ineffectual so she was then ordered from the courtroom.

Illinois v. Allen, 397 U. S. 337, 343, supra, contains the following caveat: "[A] defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." The Allen case involved repeated warnings by the trial court to the defendant that he would be removed if he persisted in his unruly conduct. Here, subsequent to the courtroom incident the defendant was brought before the trial judge, after jury selection. The trial judge then addressed the defendant as follows: "Because of your conduct in Court yesterday in the presence of the jury that was ultimately selected and in the presence of the prospective jurors, you have created an atmosphere in this Court by your violent conduct which I noted and witnessed and which was noted and witnessed by all of the jurors, prospective jurors at that time who are now the jury trying this case. Such an air of danger, intimidation and hostility that it is my opinion and judgment that a fair trial would be made more difficult by your presence in the courtroom. I think the jury would be

so apprehensive of repeated such conduct that they could not fairly and without divided attention listen to and consider the evidence, both for and against you in this case. For that reason then and in an effort to ensure fairness in the trial of this case, fairness in the jury's consideration of the evidence to be presented, both for and against you in this matter, I am ordering that you remain outside the courtroom in close proximity to the courtroom and your attorney may confer with you at any point during the trial of the case." The defendant made no response to the trial judge's inquiry as to his understanding of the instructions and was taken out of the courtroom. Subsequently, he was returned to the courtroom for a Jackson-Denno hearing and upon his assurance of good conduct was permitted to remain.

Although the defendant engaged in flagrant acts of violence, disobedience and disruptive conduct, we are constrained by the holding of Allen, supra, to find it was error to bar the defendant from the courtroom without giving him the opportunity to remain, at the first instance, upon his agreement to act in a proper manner and to refrain from any similar conduct. We cannot justify nor offer any reason why a defendant who has acted in such a destructive and contumacious manner should be immediately offered another opportunity to disrupt the judicial process before ejecting him from the halls of justice. Nevertheless, our U. S. Supreme Court has so held and we are bound by their determination.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 30, 1983 —
REHEARING DENIED OCTOBER 20, 1983 — 

*Ronnie A. Wheeler,* for appellant.
*Gary C. Christy, District Attorney,* for appellee.