63850. MILLER v. THE STATE.
63851. SMITH v. THE STATE.

SOGNIER, Judge.

Miller, Smith and other co-defendants were indicted, tried and convicted of armed robbery, aggravated assault on a peace officer in the performance of his duty and possession of a firearm during the commission of a crime (armed robbery).

On the afternoon of July 31, 1981 three men robbed the Whigham Branch of the First National Bank of Grady County (Georgia) at gunpoint. Responding to a silent alarm, the police chief came to the bank and saw the tellers being tied up. He radioed for assistance and when the men came out of the bank, a gun battle ensued between the robbers and the police chief; the robbers then jumped in a car and drove off. Four men, including appellants, were apprehended in a wooded area and several thousand dollars, two pistols and a shotgun were found at the scene, either in possession of the suspects or in and around the car they were in.

1. Appellant Smith contends it was error to admit into evidence

State's Exhibit 11, consisting of cash money found at the scene. Appellant Miller contends it was error to admit State Exhibits 11, 16 and 16b into evidence. Exhibit 16 was cash money and other items found on Miller when he was searched. Exhibit 16b was a list prepared and kept by the bank identifying each bill of the "bait" money. As to the money, appellants argue that a proper chain of custody was not established to sufficiently identify the money introduced as the same as that found at the scene.

a. The money found at the scene (Exhibit 11) and the money and personal items taken from Miller (Exhibit 16) were tagged and placed in bags at the scene of apprehension, taken to the sheriff's office and turned over to Atkinson, an investigator; he counted the money in each bag, tagged it and replaced it in the original bags. After bank officials identified the "bait" money, Atkinson replaced it in the original bags, sealed the bags and placed them in a small safe in the Cairo bank. Atkinson later removed the bags from the safe and put them in a safety deposit box, where they remained until the trial. Atkinson had the only key to that box.

Appellants contend that someone from the bank could have tampered with the evidence while it was in the safe or replaced the money with different money, and thus, the chain of custody was not sufficient. We do not agree.

Atkinson testified that when he placed the bags in the safety deposit box, they were still sealed and did not appear to have been tampered with in any way. "[I]t is not necessary that the state negative all possibility of tampering but only that it show it is reasonably certain there was no alteration — when there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight." *Meadows v. State,* 135 Ga. App. 758, 760 (219 SE2d 174) (1975); *Allums v. State,* 161 Ga. App. 842 (288 SE2d 783) (1982).

b. Appellant Miller presented no argument or citation of authority in regard to the admissibility of Exhibit 16b, and we consider that portion of his enumeration of error abandoned pursuant to Rule 15 (c) (2) of this court.

2. Both appellants contend the trial court erred in its charge to the jury on aggravated assault on a peace officer in the performance of his duties, because the court did not instruct the jury that appellants must have knowledge that the person assaulted was a peace officer in the performance of his duties, and did not set forth the criteria to use in determining whether appellants possessed such knowledge. This contention is not supported by the transcript, for the trial court charged the jury: "A person who *knowingly* commits aggravated assault upon a peace officer while such peace officer is engaged in or

on account of the performance of his duty shall be guilty of the offense of aggravated assault upon a peace officer." (Emphasis supplied.) The charge was substantially in the language of OCGA § 16-5-21 (Code Ann. § 26-1302) and properly advised the jury that knowledge was an element of the offense. "In the absence of a request for a further charge, a charge substantially in the language of the Code is correct." *Sullens v. State,* 239 Ga. 766, 768 (5) (238 SE2d 864) (1977). Appellants made no request for a further charge. Hence, there was no error and this enumeration is without merit. See also *Johnson v. State,* 156 Ga. App. 411, 412 (1) (274 SE2d 778) (1980); *Glover v. State,* 153 Ga. App. 74 (264 SE2d 554) (1980).

3. Appellants next contend the trial court erred in admitting into evidence the weapons found at the scene of their apprehension, because there was no showing appellants owned or possessed such weapons.

Both tellers testified that at least two of the three robbers had pistols, and one of the co-defendants, Thomas Butler, testified that Alfred Fountain, the third robber, had a sawed off shotgun. Butler also testified that when Fountain and appellants came out of the bank they started shooting, although he didn't know specifically who was actually firing the weapons. The police chief also testified that three persons came out of the bank and all three were firing at him; he actually saw one handgun. Since Butler was in the car, the three persons firing at the police chief were obviously appellants and Fountain. Finally, a deputy sheriff testified that the weapons were found in the car occupied by the four co-defendants when they were apprehended.

OCGA § 24-1-1 (formerly Code Ann. § 38-102) provides, in part: "(6) 'Presumptive evidence' . . . consists of inferences drawn by human experience from the connection of cause and effect and from observations of human conduct." In a similar case where the police stopped a vehicle with four occupants and found two weapons in a passenger's purse and a machine gun in the trunk, the Supreme Court of the United States stated: "In such a case, it is surely rational to infer that each of the respondents was fully aware of the presence of the guns and had both the ability and the intent to exercise dominion and control over the weapons." Ulster County Court v. Allen, 442 U. S. 140, 164 (99 SC 2213, 60 LE2d 777) (1979). Thus, this enumeration is without merit.

4. Appellants contend that the offense of possession of a firearm during the commission of armed robbery must be set aside because the former offense is a lesser included offense of armed robbery.

OCGA § 16-11-106 (formerly Code Ann. § 26-9908a) provides, in pertinent part: "(a) Any person who shall have on his person a firearm

. . . during the commission of . . . any crime against or involving the person of another, . . . and which crime is a felony, commits a felony and, upon conviction thereof, shall be punished by confinement for . . . five years, such sentence to run consecutively to any other sentence which the person has received. . . . (d) Any crime committed in violation of subsections (a) and (b) of this Code section shall be considered a separate offense."

Because of an apparent conflict between the section quoted above and OCGA § 16-1-7 (a) (1) (Code Ann. § 26-506), which prohibits conviction of more than one crime if one crime is included in another, we certified the issue to the Georgia Supreme Court. The Supreme Court resolved this issue adversely to appellants. *Miller v. State,* 250 Ga. 436 (298 SE2d 509) (1983). Citing *Wiley v. State,* 250 Ga. 343 (296 SE2d 714) (1982), the court held that there is express legislative intent to impose double punishment for conduct which violates both Code Ann. § 26-9908a and other felony statutes. The court also held that such double punishment is not constitutionally prohibited, nor is it violative of our double jeopardy statutes to convict a person of both possession of a firearm during the commission of a felony and the accompanying felony in a single prosecution. The same holding has been made recently by the Supreme Court of the United States. Missouri v. Hunter, —— U. S. —— (103 SC 673, 74 LE2d 535) (1983). Accordingly, this enumeration of error is without merit.

*Judgments affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 23, 1983 —
REHEARING DENIED MARCH 7, 1983 —

*Donald T. Robinson,* for appellant (case no. 63850).
*J. Patrick Ward,* for appellant (case no. 63851).
*Gilbert J. Murrah, District Attorney, Edward C. Parker, Assistant District Attorney,* for appellee.