## A98A0235. FARMER v. THE STATE.
(498 SE2d 559)

BLACKBURN, Judge.

Farmer appeals his conviction for child molestation of his niece, contending that the trial court erroneously admitted similar transaction evidence of a prior act of molestation against another one of his nieces. Farmer further contends that the trial court erred by refusing to give a limiting instruction requested by him with regard to such evidence at the time that it was admitted. For the reasons set forth below, we reverse Farmer's conviction.

1. In his first enumeration of error, Farmer contends that evidence of a prior act of molestation against another one of his nieces was improperly admitted. We disagree.

"[B]efore any evidence of independent offenses or acts may be admitted into evidence, a hearing must be held pursuant to Uniform Superior Court Rule 31.3 (B). At that hearing, the state must make three affirmative showings as to each independent offense or act it seeks to introduce. The first of these affirmative showings is that the state seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility. The second affirmative showing is that there is sufficient evidence to establish that the accused committed the independent offense or act. The third is that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter." (Footnote omitted.) *Williams v. State,* 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). Furthermore, "[t]he sexual molestation of young children, regardless of sex or type of act, is of sufficient similarity to make the evidence admissible. The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses."

(Punctuation omitted.) *McKenzie v. State*, 223 Ga. App. 108, 111 (2) (c) (i) (476 SE2d 868) (1996). A trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion. See *Rodriguez v. State*, 211 Ga. App. 256, 259 (4) (b) (439 SE2d 510) (1993).

Farmer's argument is without merit, as the State satisfied the requirements of *Williams*. At the evidentiary hearing, the State showed (1) that it intended to introduce evidence of the independent act "to corroborate testimony of the victim as well as to show the lustful disposition of the defendant"; (2) that there was sufficient evidence that the defendant had committed the prior act, which was subsequently shown at trial through testimony of the prior victim, her parents, and a DFACS caseworker; and (3) that there was sufficient similarity between the prior act and the present act of molestation in that both acts were committed against one of Farmer's nieces under similar circumstances. Farmer contends, however, that the trial court did not make a determination on the record that each of the elements enunciated in *Williams*, supra, for admission of such evidence was satisfactorily shown by the State. "Even if the trial court did not make specific rulings on the record that each of the elements enunciated in *Williams* for admission of the evidence was satisfied, there was no harmful error because the evidence was sufficient for the trial court to have concluded that the *Williams* requirements were satisfied." *Parker v. State*, 220 Ga. App. 303, 306 (5) (469 SE2d 410) (1996).

The fact that the prior act of molestation occurred five years before the act for which Farmer was indicted does not require a different result, as the lapse of time between the two acts goes to the weight and credibility of the prior transaction evidence, not its admissibility. *Cooper v. State*, 173 Ga. App. 254 (1) (325 SE2d 877) (1985). In addition, Farmer's contention that the probative value of the similar transaction evidence was outweighed by its prejudicial impact is without merit. The similar transaction evidence offered against Farmer concerned Farmer's molestation of another of his nieces in a manner similar to the crime for which he was indicted. "Assuming arguendo that some degree of prejudice to [Farmer] would flow from the admission of this evidence, such prejudice was outweighed by its probative value or its relevancy to the issues on trial. Accordingly, we find no error." (Citation and punctuation omitted.) *Kincer v. State*, 208 Ga. App. 360, 361 (1) (430 SE2d 597) (1993).

2. In his second enumeration of error, Farmer contends that the trial court committed a reversible error by not giving the jury a limiting instruction with regard to the similar transaction evidence prior to the testimony of the victim of the prior act of molestation. In response to Farmer's request, the court informed him that it would

give such a limiting instruction as part of the charge to the jury at the conclusion of the trial, and the court did so. However, we held in *Hinson v. State*, 229 Ga. App. 840, 842 (3) (494 SE2d 693) (1997), "the trial court committed reversible error in failing to give, sua sponte, a limiting instruction contemporaneous with the admission of extrinsic acts or similar crimes evidence." Here, the court failed to give a limiting instruction contemporaneous with the admission of similar transaction evidence even though it was asked to do so. Consequently, we reverse the judgment of conviction and remand for a new trial.

*Judgment reversed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 10, 1998.

*Aldous D. McCrory*, for appellant.

*Tambra P. Colston, District Attorney, Leigh E. Patterson, Assistant District Attorney*, for appellee.