A00A0383. GORDON v. THE STATE.
(535 SE2d 289)

PHIPPS, Judge.

Following denial of his motion for new trial, Charles Gordon appeals his convictions of aggravated assault and false imprisonment. He challenges the sufficiency of the evidence, complains of a jury instruction, and claims ineffective assistance of trial counsel. We find no grounds for a reversal but remand for a hearing on the ineffectiveness claim.

On October 6, 1998, at approximately 10:30 p.m., 16-year-old Jason Johnson got off work from his job at a restaurant on River Street in Savannah. His mother was supposed to pick him up, but she was not there. He sat on the front curb and waited for her. At the time, the end of River Street where Johnson was sitting was practically deserted while the other end of the street was crowded. As

---

[5] Ga. L. 1998, p. 3954, § 1, a local act not codified by the General Assembly.
[6] Id.
[7] OCGA § 40-13-21 (b).
[8] OCGA § 15-7-4 (a) (1).

Johnson was awaiting his mother's arrival, Gordon staggered down the street in an apparent intoxicated condition and approached him. Johnson, who possessed feminine features, testified that Gordon grabbed his arm, forced him into a nearby alley, and attempted to remove his pants while demanding sex. During the struggle, Gordon pulled his own pants down, and Johnson observed a condom on his erect penis.

Johnson escaped Gordon's grasp and ran back to River Street. His mother, Tammie Green, and a friend of hers drove up as Johnson was being chased down the street by Gordon. Green testified that her son was so frightened he almost ran into her car and that, in a state of shock, he told her that the man chasing him was trying to rape him. Green then saw that Gordon was pulling his pants up, and she and her friend exited the car and attacked him. Gordon ran toward the other end of River Street. Green, her friend, and Johnson gave chase. When Gordon reached a policeman, he slowed his pace to a walk as if to conceal the fact that he was being chased and told the officer that he had been beaten and robbed. When the others told the officer their version of the events, Gordon was arrested and taken to police headquarters.

He was placed in an interview room at headquarters. While he was alone in the room, he removed the condom and placed it on the floor. Gordon told the police that as he was walking down River Street, he saw a female sitting and, although she spoke to him, he kept walking. Gordon claimed that someone then hit him on the head and robbed him of a $20 bill. The officer who conducted the interview testified that Gordon had several $20 bills in his pocket at the time. Johnson, on the other hand, was in possession of no $20 bills.

When Gordon appeared for trial, he told the judge that on the night in question he had stepped into the alley to urinate, whereupon he was robbed and beaten by Johnson and a young woman after he refused an offer for sex extended by the woman. Gordon's trial testimony was consistent with the latter version of events, even though he was forced to concede that there were several restrooms which he could have used and that his testimony was inconsistent with his pretrial statement to police.

1. There is no merit in Gordon's argument that the evidence is insufficient to support the verdict.

An appellate court does not weigh the evidence or determine the credibility of witnesses but only determines whether the evidence, viewed in a light most favorable to the verdict, was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable

doubt.[1] The evidence was sufficient to support Gordon's convictions under this standard.

2. Gordon contends that the trial court erred in charging the jury on inapplicable parts of the aggravated assault statute.[2]

The indictment charged Gordon with having committed an aggravated assault on Johnson by assaulting him with intent to rape.[3] The trial court did charge the jury that aggravated assault also may be committed by the use of a deadly weapon.[4] But the court additionally instructed the jury that there was no basis to find Gordon guilty on this theory because the indictment charged him with commission of an aggravated assault with intent to rape and the State must prove that the offense was committed in the manner charged in the indictment.

While it is error to charge the jury that a crime may be committed by alternative methods when the indictment charges it was committed by one specific method, the conviction is not defective unless there is a reasonable possibility that the jury convicted the defendant of the commission of the crime in a manner not charged.[5] Viewed in the context of the entire charge,[6] it is highly unlikely that the jury was misled by that portion of the charge complained of by Gordon.[7]

3. Gordon raises his claim of ineffective assistance of trial counsel for the first time on appeal.

Gordon's trial attorney moved for a new trial and filed the notice of appeal. After the denial of the motion for new trial and the docketing of the appeal, trial counsel suffered a heart attack, and a new attorney undertook Gordon's representation. Gordon's new appellate lawyer claims that trial counsel was ineffective in various regards.

"[T]he rule that an ineffectiveness claim must be raised 'at the earliest practicable moment' requires that the claim be raised before appeal if the opportunity to do so is available. . . ."[8] The opportunity was not available here. Thus, the claim of ineffectiveness has been properly raised for the first time on appeal.[9] In regard to the claim, Gordon raises various issues which cannot be resolved under the present record. Therefore, a remand of the case to the trial court is

---

[1] *Nealy v. State*, 239 Ga. App. 651, 656 (9) (522 SE2d 34) (1999).

[2] OCGA § 16-5-21.

[3] OCGA § 16-5-21 (a) (1).

[4] OCGA § 16-5-21 (a) (2).

[5] *Pettway v. State*, 204 Ga. App. 804 (420 SE2d 619) (1992).

[6] *Bridges v. State*, 268 Ga. 700, 702 (2) (b) (492 SE2d 877) (1997).

[7] See *Chandler v. State*, 213 Ga. App. 46, 47 (2) (443 SE2d 679) (1994); *Diaz v. State*, 194 Ga. App. 577, 578 (2) (391 SE2d 140) (1990); compare *Blige v. State*, 208 Ga. App. 851 (2) (432 SE2d 574) (1993), aff'd, 264 Ga. 166 (441 SE2d 752) (1994).

[8] (Emphasis omitted.) *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996).

[9] See *Holland v. State*, 240 Ga. App. 169, 171 (4) (523 SE2d 33) (1999).

required for a hearing on Gordon's claim of ineffective assistance of trial counsel.[10]

*Judgment affirmed and case remanded. Johnson, C. J., and McMurray, Senior Appellate Judge, concur.*

DECIDED MAY 31, 2000.

C. *Jackson Burch, Thomas J. Gustinella*, for appellant.
*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.