## A02A2273. McLENDON v. THE STATE.
(572 SE2d 763)

BLACKBURN, Chief Judge.

Jeffrey McLendon appeals his conviction by a jury of aggravated assault, kidnapping, and possession of a firearm during the commission of a crime.[1] He argues that the evidence was insufficient to support his convictions, and that the trial court erred in denying his motion for mistrial after the State improperly introduced evidence of his bad character. For the reasons set forth below, we affirm.

> On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. As long as there is some evidence, even though contradicted, to support each necessary element of the State's case, the verdict will be upheld.

*Moore v. State.*[2]

Viewing the facts relevant to this appeal in a light most favorable to the verdict, the evidence shows that on the night of February 18, 2000, McLendon and the victim drove to his house. The victim

---

[1] The jury found McLendon not guilty of rape, aggravated sodomy, and aggravated sexual battery.

[2] *Moore v. State*, 254 Ga. App. 134 (561 SE2d 454) (2002).

testified at trial that McLendon pushed her into his son's room and told her to remove her clothes. After she refused, McLendon hit her in the mouth with a handgun. She also stated that after she took off her clothes, McLendon tied her hands behind her back and had sex with her.

At trial, McLendon admitted that he hit the victim with a handgun. He testified further that when the victim became violent, he pushed her onto the bed, tied her up to restrain her from fighting, and kept her tied up until she had calmed down.

1. We first address McLendon's contention that the evidence was insufficient to support his convictions.

"A person commits the offense of aggravated assault when he or she assaults [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). The evidence was sufficient under the standard announced in *Jackson v. Virginia*[3] for a rational trier of fact to find him guilty beyond a reasonable doubt of aggravated assault. This evidence was also sufficient to support the conviction for possession of a firearm during the commission of a crime. OCGA § 16-11-106 (b) (1).

"A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against [her] will." OCGA § 16-5-40 (a). And, "only the slightest movement of the victim is required to constitute the necessary element of asportation." *Helton v. State.*[4] Under either the victim's or McLendon's version of the facts, the evidence was sufficient to support the verdict under the standard of *Jackson v. Virginia*, supra.

2. McLendon next argues that the State improperly introduced evidence of his bad character.

At trial, the victim testified that when she was lying on the bed, McLendon penetrated her vagina with the barrel of the handgun and rubbed it up against her. When the State's attorney then asked the victim what McLendon had done after that, she replied, "He told me that the reason my sister was scared of him was because he had done the same thing to her." At this point, defense counsel objected on the ground that the State's question elicited a response that placed McLendon's character in evidence. Defense counsel asked for a mistrial, but the trial court denied the motion, finding that the statement was part of the res gestae.

"The admission of evidence is discretionary with the trial court,

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[4] *Helton v. State*, 166 Ga. App. 662, 663 (1) (305 SE2d 592) (1983).

and this court will not interfere with that court's ruling absent abuse." (Punctuation omitted.) *Oliver v. State.*[5] In this case, the trial court did not abuse its discretion in its ruling on this issue

> because this testimony included a statement made by [McLendon] during the commission of the offenses for which he was indicted and was an integral part of the res gestae. Surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. Hence, acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae and it does not matter that the act is another criminal offense.

(Punctuation omitted.) *Scott v. State.*[6] Accordingly, the statement was clearly admissible even if such evidence incidentally placed McLendon's character in evidence. We note that "[e]xtrajudicial incriminating statements, whether in writing or oral, if freely and voluntarily made, are admissible in evidence. Anything seen or heard by a witness in the presence of a defendant is admissible." (Citation and punctuation omitted.) *Grindle v. State.*[7]

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED OCTOBER 22, 2002.

*David E. Perry*, for appellant.

*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.

---

[5] *Oliver v. State*, 232 Ga. App. 816, 824 (4) (503 SE2d 28) (1998).

[6] *Scott v. State*, 227 Ga. App. 900, 901 (3) (490 SE2d 208) (1997).

[7] *Grindle v. State*, 151 Ga. App. 164 (2) (259 SE2d 166) (1979).