A04A0773. CARTER v. THE STATE.

(598 SE2d 122)

ELDRIDGE, Judge.

A Gwinnett County jury found Eddie Lee Carter guilty of robbery by sudden snatching, which charge arose when Carter took a purse from a grocery cart and absconded with it. He appeals, claiming solely that his trial counsel was ineffective because he failed to call witnesses on Carter's behalf; failed to pursue his only defense, i.e., that he did not rob anyone; failed to reserve objection to the jury charge; and failed to request a charge on the lesser included offense of theft by receiving stolen property. Because Carter has failed to meet his burden to show both attorney error and prejudice arising therefrom pursuant to *Strickland v. Washington*,[1] we affirm.

> To prevail on a claim of ineffective assistance of counsel, a defendant has the burden to prove that his counsel's actions fell below an objective standard of reasonableness and that, but for the alleged ineffective act, there is a reasonable probability that the result of the proceeding would have been different. Moreover, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel

---

[1] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

that the entire criminal justice system suffers as a result.[2]

In reviewing the resolution of a claim of ineffective assistance of counsel, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[3] With these legal precepts in mind, we have reviewed the transcript on the motion for new trial wherein the instant claim was raised and find as follows.

Carter contends his attorney was ineffective for failing to call witnesses on his behalf; however, "this aspect of his ineffective assistance claim was waived because it was not raised at the hearing on the motion for new trial."[4] Moreover, Carter has not asserted either the names of any witnesses he wished to have testify on his behalf or what favorable testimony might have been elicited had they been called.

He next claims his attorney was ineffective for failing to put forward his sole defense, i.e., that the robbery was committed by another. The trial transcript, however, shows that this defense was presented to the jury, and Carter's statement to the police was admitted wherein he asserted that "he didn't do it, he didn't know what was happening, that Robert Johnson took it and he — he's the one that jumped out of the car." Accordingly, this aspect of the instant ineffectiveness claim has no factual basis.

Carter's final claims turn on the notion that theft by receiving stolen property is a lesser included offense of robbery. It is not.[5] Thus, in this robbery case, the failure to request or to obtain a jury charge on theft by receiving cannot demonstrate attorney error, either substantively or as an underlying reason for defense counsel's reservation of objection to the court's charge. "Failure to make a meritless objection cannot be evidence of ineffective assistance [of counsel]."[6]

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED APRIL 7, 2004.

*Robert Greenwald,* for appellant.

---

[2] (Punctuation and footnotes omitted.) *Columbus v. State,* 270 Ga. 658, 660 (2) (a) (513 SE2d 498) (1999).

[3] (Footnote omitted.) *Suggs v. State,* 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

[4] *Thompkins v. State,* 272 Ga. 835, 836 (2) (c) (536 SE2d 747) (2000).

[5] *Sosbee v. State,* 155 Ga. App. 196, 197 (270 SE2d 367) (1980). See also *Lee v. State,* 259 Ga. 230, 232 (3) (378 SE2d 855) (1989).

[6] *Hayes v. State,* 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993).

*Daniel J. Porter, District Attorney, Mary E. Leonard, Assistant District Attorney*, for appellee.