## A05A0034. MILTON v. THE STATE.
### (614 SE2d 140)

MILLER, Judge.

Ronald Milton appeals from his convictions for aggravated assault on a police officer and possession of a firearm during the commission of a crime on the grounds that (1) the evidence was insufficient, (2) the trial court instructed the jury improperly, (3) prior convictions were erroneously admitted and considered during sentencing, and (4) his trial counsel was ineffective. We find no error and affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that a group of people on a porch noticed a police car making a traffic stop on the street in front of them. Milton, who was one of this group, said, "I'm tired of the MF"ers, you know[,] always messing with people in the neighborhood." He then pulled a gun from his pants, pointed it at the officer (who had left his vehicle in the course of the stop), and fired. Milton then forced his way into the house and threatened to shoot the woman living there when she insisted that he leave. When the woman called 911, Milton again pointed the gun at the woman, telling her that if she did not put the phone down, he would shoot. She refused to hang up, and Milton fled. He was later apprehended in possession of a gun the woman identified as the same one Milton earlier fired at the police officer.

Milton testified on his own behalf at trial and also called two witnesses. In the course of the testimony of one of these, Milton asked his counsel to have the witness comment on Milton's character. During its cross-examinations of this witness and Milton, the State introduced evidence of Milton's prior felony convictions. The jury found Milton guilty of aggravated assault on a police officer and possession of a firearm during the commission of a crime, and Milton

pled guilty to possession of a firearm by a convicted felon. His motions for new trial were denied, and this appeal followed.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. Though Milton argues that the evidence was insufficient, the woman he threatened testified that she heard Milton curse the police, saw him take a gun out of his pants and fire it at the police officer, and recognized the gun later recovered as the weapon used. The evidence here sufficed to support the jury's verdict. See OCGA §§ 16-5-21 (c); 16-11-106; *Lowery v. State*, 242 Ga. App. 375, 376 (1) (530 SE2d 22) (2000) (testimony of witness that he saw defendant shoot gun is sufficient to sustain conviction for aggravated assault).

2. Milton also argues that the trial court failed to properly instruct the jury on the definition of a deadly weapon and on the requisite knowledge that the victim of the aggravated assault was a police officer. Milton neither made nor reserved any objection to any of the jury charges, however, including a recharge given in response to a jury request. Thus he has waived this argument on appeal. See *Woods v. State*, 263 Ga. 804, 804-805 (2) (440 SE2d 1) (1994); *Miller v. State*, 165 Ga. App. 638, 639-640 (2) (302 SE2d 394) (1983) (where charge recites language of OCGA § 16-5-21, including requirement that defendant "knowingly" assaulted peace officer, failure to ask for additional charge at trial waives argument on appeal).

We note that the trial court's charge and recharge mirrored the aggravated assault statute, including the requirement of subsection (c) that the person "knowingly" commit the offense. See OCGA § 16-5-21 (c). There was no evidence at trial to contradict the inference that the uniformed person who got out of a police car to complete a traffic stop, and at whom Milton directed his curse and gunfire, was in fact a police officer. Thus the charge was proper as to the element of Milton's knowledge. See *Miller*, supra, 165 Ga. App. at 639-640 (2). Likewise, there can be no dispute that the gun Milton fired at the officer was a deadly weapon. See *Watts v. State*, 142 Ga. App. 857, 858-859 (4) (237 SE2d 231) (1977) (gun is deadly weapon "per se" even when incapable of firing). The charge was proper as delivered. Id.

3. Milton contends that evidence of his prior convictions was improperly considered during the sentencing phase of his trial, and that two of those convictions should have been counted as a single offense for sentencing purposes. We disagree.

(a) The evidence showing Milton's prior convictions was first introduced at trial after he put his own character in issue, and was reintroduced at his presentence hearing in accordance with OCGA § 17-10-2 (a). Milton made no objection at the presentence hearing. Thus he has waived any arguments he may have had as to this evidence on appeal. See *Johnson v. State*, 171 Ga. App. 851, 854 (1) (321 SE2d 402) (1984) (where defendant does not have notice of State's intent to introduce prior convictions until day of sentencing, failure to object to their introduction at presentence hearing waives issue for purposes of appeal).

(b) Though the two convictions Milton now urges us to consolidate were entered from guilty pleas made on the same day, they arose from distinct offenses charged in two different indictments, as he conceded at the hearing on his motion for new trial. Thus the trial court properly considered them separately for sentencing purposes. *Mims v. State*, 225 Ga. App. 331, 332 (2) (484 SE2d 37) (1997) (separate indictments with charges that were pled to on same day are properly considered as distinct crimes for sentencing purposes).

4. Finally, Milton argues that trial counsel was ineffective when she failed to object to (1) the aggravated assault charge for failing to define a deadly weapon; (2) the aggravated assault charge (because it failed to highlight the requirement that he knew the victim was a police officer); and (3) the trial court's admission and treatment of his prior convictions at sentencing. Since, as we have held above, there would have been no merit to any such objections, counsel could not have been ineffective in failing to make them. See *Carter v. State*, 266 Ga. App. 831, 832 (598 SE2d 122) (2004) (failure to request justified charge does not in itself amount to deficient performance); *Johnson*, supra, 171 Ga. App. at 853 (1) (failure to object to introduction of prior convictions at sentencing does not amount to deficient performance). The enumeration is without merit.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED APRIL 19, 2005.

*Barbara N. Lanier*, for appellant.
Ronald L. Milton, *pro se.*
*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney*, for appellee.