## A05A1809. ROBERTSON v. THE STATE.
(629 SE2d 79)

SMITH, Presiding Judge.

Michael Robertson was charged by a Forsyth County grand jury with kidnapping with bodily injury, rape, two counts of aggravated child molestation, and aggravated sexual battery. A jury found him guilty on all counts and judgment of conviction and sentence were entered on the jury's verdict.[1] Robertson's out-of-time motion for new trial was denied after hearing, and this appeal ensued. In his brief, Robertson lists eight enumerations of error. Because we find no merit in any of them, we affirm the judgment.

The evidence presented at trial showed that the victim, a 15-year-old patient at an Atlanta hospital, left the hospital and wandered through the surrounding neighborhoods trying to find a way back to her home in Florida. She accepted a ride from a man driving a white van marked with a business logo. The victim identified Robertson in a photographic lineup and later in court as the driver of the van. Robertson, a plumber, was in the area on a repair call. After picking the victim up, he drove to Lake Lanier. Although the victim wanted to go home, she agreed to spend the night with Robertson when he assured her he would find her a ride home. Robertson bought her dinner, and at his home they watched a movie. The victim consented to Robertson's offer to massage her back, but became "very scared" when he "reached up under" her shirt and "grabbed" her breast. She informed Robertson that she wanted to leave immediately. He promised the victim he would not touch her "like that" again if she stayed. She insisted on leaving, however, and Robertson finally agreed to take her to find a ride home.

They drove to a truck stop, where Robertson attempted unsuccessfully to find a truck headed for Florida. On the pretext of finding another truck stop, he drove down a road on which they had previously stopped "to watch the sunset." Robertson stopped the van and told her "I'm not going to hurt you. I'm just going to have sex with you." He covered the victim's mouth with his hand to stop her from screaming, until she could not breathe. When he removed his hand

---

[1] Robertson's appeal from the denial of his motion for new trial was dismissed for failure to file a brief. New counsel was appointed, and a motion for out-of-time appeal was granted by consent order.

and the victim still struggled, he hit her on her nose with his fist and drew blood. The victim testified that when he threatened to take her outside and tie her up she realized that "the only thing left was to survive," and she became limp and submitted.

Robertson then attempted to rape the victim but could not accomplish the act. He then forced the victim to perform oral sodomy until he ejaculated. He then inserted his finger, then his tongue into the victim's vagina, and attempted anal intercourse. Finally, he attempted vaginal intercourse again and achieved "full penetration," forcing the victim to scream in pain. After a few minutes he withdrew and instructed the victim to put her pants back on. Despite the victim's protests, Robertson demanded that she take $25 he offered her for "bus fare back." She accepted it but secretly slipped it out and placed it on the van's dashboard. As they approached a truck stop, Robertson cleaned the blood off the victim's face with soda. The victim distracted Robertson and surreptitiously took a business card from the dashboard. When they reached the truck stop, Robertson drove off. The victim walked into the restaurant and asked for help, saying she had been raped. The police department was called, and officers called the victim's parents and an ambulance, which took her to a local hospital.

Police officers identified the plumbing company that employed Robertson from the business card, which matched the logo on the van. They interviewed employees of the business, and one employee identified Robertson from a composite sketch based on the victim's description.

1. In his first three enumerations, Robertson contends that the trial court erred in ruling that evidence of three similar transactions was admissible. Robertson makes various arguments in support of his contention. They include: the State's failure to satisfy the requirements of *Williams v. State*, 261 Ga. 640, 641-642 (2) (409 SE2d 649) (1991) and Uniform Superior Court Rule (USCR) 31.3 (B); differences between the prosecution's stated purpose in seeking admission of the incidents, either in its notice to the defense or at the pretrial hearing, and the trial court's findings regarding the grounds for admissibility; and differences between the prosecution's stated purpose at the pretrial hearing and its stated purpose at trial. We find no reversible error.

Before any similar transaction is admitted at trial, the State must make three affirmative showings. The State must show that it seeks to introduce the evidence for an appropriate purpose, that the accused committed the independent offense, and that sufficient similarity exists between the independent offense and the charged crime so that proof of the former tends to prove the latter. *Williams*, supra at 642 (2) (b).

Robertson contends the trial court erred in admitting into evidence the similar transactions because discrepancies existed between the purpose given by the State in its pretrial notice and the purpose for which the similar transactions were ultimately admitted. It is immaterial, however, that the State gave notice that it would present the similar transactions for some legitimate purposes it did not subsequently rely upon at trial. All three similar transactions were introduced at trial for at least one identical appropriate purpose listed in the State's notice: to show his "lustful disposition." The trial court ruled the similar transactions admissible on this ground as well.

> [I]n crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. There need only be evidence that the defendant was the perpetrator of both crimes and sufficient similarity or connection between the independent crime and the offenses charged.

(Citations and punctuation omitted.) *Delk v. State*, 274 Ga. App. 261, 264 (619 SE2d 310) (2005).

Here, the evidence presented in the charged crime and in the three similar transactions was strikingly similar. In all four incidents, the victims were young females Robertson lured to his car with lies. All four incidents took place at wooded locations, three of them near Lake Lanier. He raped all four victims and committed other similar sexual acts with three of the four. Before releasing the victims, he attempted to clean them of physical evidence. This similarity satisfied the requirement in *Williams*, supra at 642, that sufficient similarity between the independent offenses and the charged crime existed so that proof of the former tended to prove the latter. All the victims identified Robertson as their attacker, and no dispute existed as to the identity of the perpetrator of those crimes.

Robertson also argues that the similar transaction evidence should have been excluded because the State did not inform the court exactly how it would prove the crimes presented to the court in its proffer. USCR 31.3 "clearly grants the trial court discretion as to the reception of evidence." *Hall v. State*, 181 Ga. App. 92, 93 (1) (c) (351 SE2d 236) (1986). The State does not have a "mandatory obligation to produce testimonial evidence" at the hearing, and the defendant has no corresponding right to an evidentiary hearing. Id. Robertson's first three enumerations of error are therefore meritless.

2. Robertson also maintains that the trial court erred in granting an overnight recess before the State called its final witness, permitting it to present a previously absent witness's testimony. This witness was a similar transaction victim who lived out of state.

After presenting testimony from two other similar transaction witnesses, the State announced that it would rest after introducing a certified copy of Robertson's conviction for sex crimes against a third similar transaction witness. The defense objected. The State admitted it lacked a witness to testify to the third similar transaction but argued that testimony was unnecessary in the face of the certified copy of Robertson's conviction.

The trial court recessed for 15 minutes and then for an hour to enable the State to research the issue to support its argument or find the witness. After the recesses, the prosecutor returned and admitted having "made an egregious error" in misreading a pertinent authority. The prosecutor also informed the court that the witness was "probably out of state." Meanwhile, the defense moved for a mistrial. The motion was based on the ground that in his opening statement the prosecutor referred to the similar incident, prejudicing the jury if this evidence could not be presented at trial, particularly since this similar transaction was the only incident for which Robertson had been charged and convicted. The trial judge stated that he was "very reluctant to grant a mistrial . . . [, a]lthough that may be the only option." The trial judge announced he was "going to give you a chance to find her . . . until tomorrow morning. And then address the question of whether or not a mistrial should be granted." The witness was brought into the State and testified the next morning.

In support of his claim of error, Robertson cites OCGA § 17-8-21 and several cases in which the trial court did not abuse its discretion when it granted continuances because of absent witnesses. In those cases, the witnesses were under subpoena or other obligation to appear. Robertson argues that it is implicit in their holdings that when witnesses have not been subpoenaed a continuance should not be granted. But both the statute and the cases Robertson relies upon address the issue of pretrial delay; they apply to continuances before trial, not to recesses during the trial. In the course of managing a trial, a judge has a "general power to serve the principles of justice." *Hicks v. State*, 221 Ga. App. 735, 736 (2) (472 SE2d 474) (1996). Recesses and "continuances in criminal cases are not governed by the strict rules of civil cases and . . . should be granted whenever the principles of justice appear to demand a postponement." (Citations and punctuation omitted.) Id. at 737. It is apparent from the trial judge's words alone that he carefully weighed the recess of less than 24 hours against the effects on the young victim of declaring a mistrial, while also bearing in mind the rights of the accused. The

trial court concluded that "justice" in this case required the short recess. The recess was within the trial court's discretion, and we will not disturb it.

3. Because the trial court's decision to grant the State a recess to bring its witness to court was not error, it was likewise not error for the court to deny Robertson's motion for mistrial based upon the recess.

4. We find no error in the trial court's failure to repeat the entire limiting instruction to the jury before the third similar transaction witness testified. A full limiting instruction was given before the first similar transaction witness testified. Before the second similar transaction witness testified, the trial court told the jury that the instruction given "previously regarding similar offenses applies to the testimony of this witness as well." After the recess, before the third similar transaction witness testified, the judge repeated the instruction he had given the jury before the second similar transaction witness testified, informing it that the instruction he had given them the previous day applied to the third witness as well.

Citing *Farmer v. State*, 231 Ga. App. 78, 80 (498 SE2d 559) (1998), defense counsel requested a repetition of the full limiting instruction. The trial court indicated that it was not necessary and that he believed the jury could remember the full instruction given the day before. We agree. *Farmer* is distinguished from this case on its facts, because in *Farmer* the instruction was not given to the jury until the court's final charge. The trial court did not abuse its discretion in simply reminding the jury of the limiting charge already given before the evidence was presented.

5. Relying upon *Lumpkin v. State*, 249 Ga. 834, 836 (2) (295 SE2d 86) (1982), Robertson maintains that the trial court erred in defining aggravated child molestation by instructing the jury on both parts of OCGA § 16-6-4 (c). He argues that the charge was reversible error because, under *Lumpkin*, when the indictment charges that a crime was committed in one specific manner, a judge may not instruct jurors that they are authorized to convict the defendant if they find that he committed the crime in a manner other than that alleged in the indictment. This was, indeed, error, since the indictment charged Robertson only with aggravated child molestation involving an act of sodomy. It is not reversible error, however, unless a "reasonable possibility" exists that the jury's finding of guilty was based on the method not charged. *Gordon v. State*, 244 Ga. App. 265, 267 (2) (535 SE2d 289) (2000).

As in *Gordon*, viewing the charge here as a whole, it is highly unlikely that the jury was misled by that portion of the charge. Id. Evidence was introduced of both sodomy and injury, and the court's final charge cured any defect in the complained-of instruction. The

court read the indictment to the jury, and the jury had the benefit of the indictment to review during deliberations. The court also instructed the jury that the State had the burden of proving every material allegation of the indictment beyond a reasonable doubt. Under these circumstances, the initial error was harmless. See *Green v. State*, 240 Ga. App. 377, 379-380 (4) (523 SE2d 581) (1999).

6. In Robertson's final enumeration of error he asserts that he received ineffective assistance of counsel. We do not agree. To show ineffective assistance of counsel, Robertson must show that his trial counsel's performance was deficient and that but for counsel's deficient performance, a reasonable probability exists that the outcome would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Cormier v. State*, 277 Ga. 607, 608 (2) (592 SE2d 841) (2004).

(a) We need not consider Robertson's claims that trial counsel failed to object to the State's proffer of the similar transactions. Robertson argues that his trial counsel should have objected when the State omitted proof of Robertson's identity as the perpetrator of the similar transactions and when the first two similar transactions were admitted for the improper purpose of common design and plan. Our decision that all the similar transactions were properly admitted renders these allegations moot, because any objection by counsel would not have changed their admissibility.

(b) Robertson asserts that his trial counsel was ineffective because he did not object to the State's failure to disclose to him contact information regarding the third similar transaction witness. This argument is similarly flawed. In addition, his trial counsel testified at the hearing on the motion for new trial that he "had a feeling that was going to happen and . . . was simply waiting for it to come up." He chose to wait and move for a mistrial. This decision was therefore trial strategy, and it is clear that a decision that amounts to reasonable trial strategy cannot be the basis for a finding of ineffective assistance of counsel. *Harris v. State*, 279 Ga. 522, 529 (6) (615 SE2d 532) (2005).

(c) Robertson's final allegation of ineffective assistance concerns his trial counsel's failure to submit written requests to charge on lesser included offenses. During the charge conference, Robertson's trial counsel made an oral request to charge the jury on kidnapping and false imprisonment as lesser included offenses of kidnapping with bodily injury. The trial court did agree to consider them if counsel submitted them in writing, which counsel did. But after considering them, the trial court declined to give those charges, both because they were untimely and because the evidence presented did not warrant them.

Because the charges were not warranted by the evidence, counsel's untimely submission of the written requests would not have

changed the outcome. When the State's evidence establishes all of the elements of an offense and no evidence is presented raising the lesser offense, it is not error to fail to give a charge on the lesser offense. *Stovall v. State*, 216 Ga. App. 138, 141 (5) (453 SE2d 110) (1995). A charge on simple kidnapping was not warranted because the evidence showed that after Robertson lured the victim into his van, he drove to another location where he assaulted and injured her. The victim was never free to leave until Robertson finally dropped her off after sexually assaulting and injuring her.

A charge of false imprisonment would not have been proper as a lesser included offense of kidnapping in this case because evidence of asportation was presented. Contrary to Robertson's assertion, the victim testified unequivocally that when Robertson drove down the road they had traveled on previously, it was against her will. Even the slightest movement is sufficient to prove the asportation element of kidnapping. *McLendon v. State*, 258 Ga. App. 133, 134 (1) (572 SE2d 763) (2002). Because the charges on lesser included offenses were unwarranted by the evidence, counsel's untimely presentation of his written requests was immaterial. Counsel is not required to perform a futile act. See *Carter v. State*, 266 Ga. App. 831, 832 (598 SE2d 122) (2004). The trial court did not err in denying Robertson's motion for new trial on the ground of ineffective assistance of counsel.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED MARCH 23, 2006.

*Marcus C. Chamblee*, for appellant.
*Penny A. Penn, District Attorney*, for appellee.

