# Court of Appeals
# of the State of Georgia

ATLANTA,  December 11, 2014

*The Court of Appeals hereby passes the following order:*

**A15A0571.  JEFFREY MCLENDON v. THE STATE.**

In 2000, Jeffrey McLendon was convicted of kidnapping, aggravated assault, and possession of a firearm during the commission of a crime.  McClendon appealed, and his convictions were affirmed.  See *McLendon v. State*, 258 Ga. App. 133 (572 SE2d 763) (2002). In 2014, McLendon filed a motion to correct void sentence, arguing that his sentence was void under *Garza v. State*, 284 Ga. 696 (670 SE2d 73) (2008), which redefined the asportation element of kidnapping.   The trial court denied his motion, and he filed this direct appeal.  We lack jurisdiction.

A direct appeal lies from an order denying or dismissing a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).   Here, McLendon's argument is a challenge to his convictions, not to his sentence.  Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
　　　*Clerk's Office, Atlanta,*___12/11/2014___
　　　*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
　　　*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*